JAMES FARMER, trustee, plaintiff in error, *vs.* JESSE McDONALD, defendant in error.

1. Lots of land covered by deed to a minor son are not the property of the father, so as to authorize the latter to convey to another the right to overflow such lots, though the father may have exercised other general acts of ownership over the land, the deed to the minor having been legally recorded.

2. A parol easement to overflow land by adding eighteen inches to the height of a dam twelve feet high, will not, after such dam has washed away, entitle the transferee of the easement to erect a new dam sixteen feet eleven inches high, but such transferee will be responsible in damages for the overflow caused by the new dam.

3. The amount of damage is a question for the jury, and where the evidence, though conflicting, is sufficient to sustain the verdict, this court will not reverse the presiding judge in refusing to grant a new trial on the ground that the verdict is against the weight of evidence.

Minors. Parent and child. Easements. Damages. New trial. Before Judge LESTER. Lumpkin Superior Court. April Term, 1877.

Reported in the opinion.

Farmer, trustee, *vs.* McDonald.

W. P. PRICE, for plaintiff in error.

WIER BOYD ; FRANK HARALSON, for defendant.

JACKSON, Judge.

This was an action of trespass for damage to a tract of land, brought by McDonald against Farmer, who was trustee for certain parties engaged in digging gold.

The defendant had erected a dam for the better operating the mining works of his company ; this dam backed water upon a lot of land owned by McDonald, and McDonald sued defendant, Farmer. The jury returned a verdict for the plaintiff for one hundred and twenty odd dollars. Farmer moved for a new trial, it was denied him, and he brought the case here for review on the ground that the verdict is against the law and the evidence.

1. The plaintiff proved title to the lot in question and the erection of the dam sixteen feet eleven inches high in 1875, and the consequent overflow of the lot and damages. The defendant set up a deed from one Thomas, the father-in-law of McDonald, conveying a certain lot to erect the dam upon, and the easement of overflowing the lands belonging to Thomas lying above the lot on which the dam was—the dam to be seventeen feet high. The plaintiff replied that Thomas owned another lot between the dam and his, but never owned his lot. It was in proof that this lot was the property of a minor son of Thomas, granted to the son by deed, recorded in due time, and that though Thomas did rent it out, it never belonged to him ; that he never had any color of title thereto at any time, and hence the easement he conveyed did not cover this lot, but only his own land. We think that this reply was conclusive as to the easement conveyed by Thomas in the deeds given by him to the vendors of Farmer. McDonald held the title of the minor, regularly conveyed to him by the said minor, and others interested in it, when the minor became of age ; and the father of the minor, though he had cultivated and rented out the land of his son,

had no title to it, and acquired none by such general acts of ownership—he having no written color of title. The minor's deed was of record, and the purchaser of the easement thus had notice that this lot was not covered by the conveyance of Thomas.

2. The defendant also relied upon a parol lease granted by McDonald himself to the former proprietor of the gold-mill, and transferred with the mill to him. The dam, in respect to which this parol easement was given, was washed away, and this new dam, which caused the overflow, built in its stead. It becomes unnecessary, from the facts here, to consider the effect of the washing away of the dam upon the easement, or to examine the cases bearing upon that subject, and upon the power to revoke the parol license, in 14 *Ga.*, 4; 24 *Ib.*, 182; and 45 *Ib.*, 339. Because the proof is clear that the original dam was twelve feet high, and the easement granted in parol by McDonald to the vendor of Farmer was to increase its height only sixteen or eighteen inches more, and to authorize only such a flow of back water as a dam of that height would occasion; and the proof is equally clear that the new dam built by Farmer is sixteen feet and eleven inches high, some two or three feet higher than McDonald's parol grant of easement authorized. The suit was for damage caused by the backing of water by the new dam, sixteen feet eleven inches high, a dam not authorized at all by the parol easement or license of McDonald; and hence the defendant is not protected for the overflow by that parol license or easement.

3. The only remaining question is the amount of damage. There was evidence to authorize it, and while it was conflicting, the jury have passed upon it and settled it; and, in accordance with our settled practice, we will not control them and the presiding judge on such a question of fact.

We therefore affirm the judgment. In respect to the ruling out evidence of McDonald's getting some of the money his father-in-law received for the written easement he conveyed, in right of his wife, we think it was properly

excluded, because it was not shown, or offered to be shown, that he got it otherwise than as an heir of Thomas in right of his wife. Indeed, the words, "in right of his wife," which were the words that the defendant offered to prove by the witness were used to indicate how he got the money or part of it, would show that he got it as heir of Thomas, and would preclude the idea that he received it in payment for the easement of overflowing his own lot.