## MIDDLEBROOKS & COMPANY *v.* FERGUSON.

1. A testator bequeathed and devised his property to his wife, in trust for the joint use and enjoyment of herself and his five named children, for and during her life, with full power in her, as such trustee, "to sell, dispose of, and convey any portion of said estate at such time and in such manner, and to apply the proceeds thereof, as she [might] deem best calculated to promote the interests of [his] children, or grandchildren during" her lifetime; and provided that at the death of his wife such portion of the estate as might remain on hand should be sold, and the proceeds thereof equally divided among his children then living, "and the child or children of such as [might] be dead, they taking the portion thereof which their ancestor would be entitled to, were he or she then living;" and constituted and appointed one of his sons trustee, at the death of the wife, "to take charge of, and sell, dispose of, and convey such portion of the estate as [might] then remain on hand, . . and to divide the proceeds thereof among the children and grandchildren of the testator in accordance with the above provisions as to the distribution of the estate remaining undisposed of at the death of the wife. *Held,* that the trust was executory during the life of the wife, and consequently, notwithstanding the married woman's act, she took no vested legal interest in any of the property of the testator's estate, and therefore could not, in her individual capacity, convey any by her deed.

2. Where the donee of a power of sale, who individually has no legal interest in its subject, executes, without referring to the power or the instrument creating it, a fee-simple deed to land covered by it, the deed is to be construed as an execution of the power.

Submitted March 3,—Decided August 13, 1906.

Injunction. Before Judge Parker. Clinch superior court. June 26, 1905.

Walton Ferguson, Jr., brought a petition for injunction against J. A. Middlebrooks, J. D. Middlebrooks, H. J. Finney, and J. T. Finney, composing the firm of J. A. Middlebrooks & Co., to restrain them from cutting any timber on lots of land 110, 183, 184, and

185, in the 13th district of Clinch county. The defendants filed a sworn plea to the jurisdiction, in which it was alleged that neither of them, at the beginning of the suit or at the time of filing the plea, resided in Clinch county, but that all of them resided in Jones county. At the interlocutory hearing, the plaintiff traced the title to the lots of land in question from the State into William O. Lumsden. He then introduced the will of William O. Lumsden, dated February 25, 1858, together with the probate thereof and the judgment admitting it to probate and record in the orphan's court of the District of Columbia, on June 23, 1868, the same being admitted without objection. The portion of this will relied on by the plaintiff and material in the present case was as follows: "All my other estate both real and personal, of which I may die seized and possessed, I give and bequeath to my beloved wife, Rachael Pottenger Lumsden, to be held in trust for the joint use and enjoyment of my said wife, and my children, Mary Ann Lumsden, Martha Magruder Lumsden, John William Lumsden, Elizabeth Rebecca Lumsden, and Charles Clark Lumsden, for and during the natural life of my wife, and my said wife and trustee is however fully authorized and empowered to sell, dispose of, and convey any portion of said estate at such time and in such manner, and to apply the proceeds thereof, as she may deem best calculated to promote the interests of my children, or grandchildren during the life time of my wife; and at the death of my wife, I desire that such portion of my estate as may remain on hand be sold, and the proceeds thereof equally divided among my children, or such of them as may then be living, and the child or children of such as may be dead, they taking the portion which their ancestor would be entitled to, were he or she then living. And I hereby constitute and appoint my son, John William Lumsden, trustee, at the death of my wife, to take charge of, and to sell, dispose of, and convey such portion of the estate as may then remain on hand, at such time as he may think best, to promote his own and their interests, and to divide the proceeds thereof equally among my surviving children, or the child and children of such of them as may then be dead, such grandchild or grandchildren taking the portion thereof which the ancestor would be entitled to were he or she then living." Plaintiff then offered a deed from Rachael P. Lumsden to George W. Garmany, purporting to convey to the grantee, for the considera-

tion of $1,250, the lots of land in controversy and certain other lots, executed in Montgomery county, Maryland, April 2, 1884. There was in this deed no reference to the will of William O. Lumsden, to the power of sale contained therein, or to the trust thereby created. It purported to convey the lots of land described therein, "together with all and singular the houses, outhouses," etc., "liberties, privileges, easements," etc., "thereunto belonging, or in any wise appertaining; and the reversion and reversions, remainder and remainders, rents, issues, and profits; and all the estate, right, title, interest, property and possession, claim and demand whatsoever, in law or in equity, of the said Rachael P. Lumsden, of, in, or to the same, or any part or parcel thereof, with the appurtenances," "unto the said George W. Garmany, . . his heirs and assigns, to the only use and behoof of the said Geo. W. Garmany, his heirs and assigns forever." When this deed was tendered in evidence the defendants objected to its admission, "upon the ground that no title had been shown in Rachael Pottenger Lumsden, in her individual capacity; that the will of William O. Lumsden, her husband, having conveyed [the property] to her in trust for the joint use and benefit of her and her children, her individual deed did not divest the title of the cestui que trusts." The court overruled this objection and admitted the deed, which ruling is assigned for error. The plaintiff then introduced certain other documentary evidence tracing whatever title George W. Garmany acquired by this deed into the plaintiff; and also introduced certain affidavits showing facts necessary to entitle him to an injunction against the defendants, in the event he had shown the requisite title to the premises in dispute. The defendants announced that they would rely upon their plea to the jurisdiction of the court, their objections to the deed from Mrs. Lumsden to Garmany, "and upon the failure of the plaintiff to show that he was entitled to an injunction against defendants, and not introduce any evidence beyond their sworn plea. The court then passed an order restraining and enjoining defendants from cutting, felling, or removing the timber from the lots of land in controversy or in any manner trespassing upon the same." To this judgment the defendants excepted. There was positive testimony that J. A. and J. D. Middlebrooks, two of the defendants, were residents of Clinch county.

*C. J. Haden* and *Leon A. Wilson* for plaintiffs in error.

*Toomer & Reynolds,* contra.

COBB, P. J. 1. The case turns upon a single question, and that is, whether the deed from Mrs. Lumsden to Garmany was made in execution of the power of sale conferred upon her, as trustee, by the will of her husband, William O. Lumsden, and therefore conveyed to the grantee a fee-simple title to the entire interest in the lands described therein, or was merely her individual deed, conveying to the grantee only her individual interest in a life-estate in such lands. This is the only question argued here upon either side, though counsel for plaintiffs in error, in discussing it, as presented by the assignment of error upon the admission of the deed in evidence, say that they do so, "without waiving their other assignments of error." The contention of the plaintiffs in error is that the will created "a life-estate in the testator's property, to be held and enjoyed by" Mrs. Lumsden "and the said children or grandchildren, as joint usees, for and during" her life, "with power in her to sell for the purpose of promoting the interests of the testator's children or grandchildren, and only for this purpose, 'any portion of said estate;'" and that it "also created in the children or grandchildren a legal estate in remainder." They further contend that the trust which the testator attempted to create became, relatively to Mrs. Lumsden, executed by the married woman's act of 1866 and the legal title to an undivided one-sixth interest in the life-estate vested in her; and that she could convey her individual interest in the life-estate by her individual deed. They then contend, that, as in the deed in question there is no reference to the will, to the power of sale therein conferred upon Mrs. Lumsden, or to the trust thereby created, this deed must be construed as simply her individual deed, and as conveying only her interest in the life-estate. In support of this contention, they cite the decisions of this court in *Holder* v. *American Investment Co.,* 94 *Ga.* 641, and *New England Mortgage Security Co.* v. *Buice,* 98 *Ga.* 796. Those cases followed the general rule, expressed in Kent's Commentaries in the following language: "The general rule of construction, both as to deeds and wills, is, that if there be an interest and power existing together in the same person over the same subject, and an act be done without a particular reference to the power, it will be applied to the interest

and not to the power. If there be any legal interest on which the deed can attach, it will not execute the power. If an act will work two ways, the one by an interest, and the other by a power, and the act be indifferent, the law will attribute it to the interest and not to the authority." 4 Kent's Com. side pp. 234, 235. Whether, in view of these and other decisions of this court upon the subject, this rule must be rigidly applied in every case in which there is a power coupled with an interest, and in which the donee of the power executes a deed purporting to convey the entire interest in the subject-matter of the power, without in any way referring to the power, we need not stop to consider. As shown by the brief of counsel for defendant in error, there are decisions rendered by courts in other jurisdictions, to the effect that in such a case the court, when construing the deed, may take into consideration the price paid by the grantee for the property, whether it was the full value of the whole fee therein or not, the meagerness of the interest which the grantee would acquire if the deed should be construed to pass only the individual interest of the grantor, language in the deed clearly indicating the purpose of the grantor to convey the entire estate in the property, etc. There is great force in the argument of counsel for defendant in error, that, as the evidence shows that the consideration named in the deed was a fair and full price for the whole interest in the lands described therein, and as they were all wild lands at the time of the conveyance and shown by the evidence to be valuable only for the timber upon them, it would be "unreasonable to conclude that it was Mrs. Lumsden's intention to convey and Garmany's intention to receive only an undivided one-sixth interest in this wild land for her life, when, in the condition in which the land was at that time, Garmany . . could not have used the property for the purpose for which it was alone valuable, that is, for its timber." But, in our opinion, we need not consider this argument, nor the outside authorities cited to support it, nor need we consider the argument drawn from the use of the words, "reversion and reversions, remainder and remainders," in the granting clause of the deed. The general rule invoked by counsel for plaintiffs in error has no application to the present case, even when rigidly construed; for Mrs. Lumsden had no legal interest in the property, to convey by her individual deed. The trust created by the will was executory.

It never became executed as to Mrs. Lumsden, nor during her life could it become executed as to the other cestuis que trust as they respectively became of age. All the cestuis que trust might become of age during the life of Mrs. Lumsden, and still the trust would not become executed, but would remain executory. The trust estate was projected beyond the life of Mrs. Lumsden, provision being made that, at her death, such portion of the property as she had not disposed of, under the power conferred upon her, should be sold, and the proceeds thereof equally divided among the testator's children then in life and the child or children of such as might then be dead, such child or children taking the portion which their ancestor, if living, would be entitled to receive. And for the purpose of carrying out this provision as to the disposition of the property after the death of Mrs. Lumsden, the testator's son, John William Lumsden, was appointed as her successor in the trust, "to take charge of, and to sell, dispose of, and convey such portion of the estate as [might] then remain on hand, at such time as he [might] think best, to promote" the interests of the cestuis que trust, "and to divide the proceeds thereof . . among" them as directed by the will. Here was something for the succeeding trustee to do in execution of the trust. Upon the death of Mrs. Lumsden the duty would devolve upon him to ascertain among whom the proceeds of the property remaining on hand should be distributed and the portion thereof to which each would be entitled, and to sell the property at such time as he might deem best for the interests of all concerned, and distribute the proceeds as directed by the testator. Clearly the trust created by the will falls within the definition of executory trusts given in our Civil Code. "In executory trusts, something remains to be done by the trustee, either to secure the property, to ascertain the objects of the trust, or to distribute according to a specified mode, or some other act, to do which requires him to retain the legal estate." Civil Code, § 3156. Mrs. Lumsden had no separate legal interest in any of the property covered by the trust; she had only a usufructuary interest in the trust estate during her life. *Thomas* v. *Crawford*, 57 *Ga.* 211; *Jennings* v. *Coleman*, 59 *Ga.* 718; *Bailie* v. *Carolina Interstate Building & Loan Assn.*, 100 *Ga.* 20; *Smith* v. *McWhorter*, 123 *Ga.* 287. As she had no legal interest in the property embraced in the deed under con-

sideration, this deed would be a mere nullity, unless construed as an execution of the power conferred upon her by the will.

2. The rule is clear that the deed of the donee of a power of sale, purporting to convey land over which the power extends but not referring to the power or to the instrument creating it, will generally operate as an execution of the power, if the grantor had no interest in the property which he could convey by his individual deed. *Terry* v. *Rodahan, 79 Ga.* 278. This rule is especially applicable in a case like the present, where, although the power is not even indirectly referred to in the deed, there are expressions therein which clearly indicate an intention to convey the entire interest in the property in fee simple. The deed conveyed to Garmany, the grantee, a fee-simple title to the lands in question; and as the plaintiff showed that he had acquired whatever title Garmany had, and the evidence in other respects was sufficient to authorize the grant of the injunction prayed for, the court did not err in rendering the judgment complained of.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*