## PONDER & CO. *et al. v.* MUTUAL BENEFIT LIFE INSURANCE CO.

HINES, J.  1.  Growing timber is part of the realty.  *Coody* v. *Gress Lumber Co.,* 82 *Ga.* 793 (10 S. E. 218) ; *Corbin* v. *Durden,* 126 *Ga.* 429 (55 S. E. 30) ; *Newton County* v. *Boyd,* 148 *Ga.* 761 (98 S. E. 347) ; *Beecher* v. *Newton,* 157 *Ga.* 113, 117 (120 S. E. 779).

2.  A deed to land to secure a debt is an absolute conveyance until the debt is paid, and passes the title to the land and the timber growing thereon to the vendee therein.  Civil Code (1910), § 3306.

3.  The vendor of land who retains title thereto as security for the payment of the purchase-money can not by injunction prevent the vendee from clearing the land and cutting the timber thereon, unless such act impairs the value of the vendee's security.  *Small* v. *Slocumb,* 112 *Ga.* 279 (37 S. E. 481, 53 L. R. A. 130, 81 Am. St. R. 50) ; *Bitting* v. *Chattooga County Bank,* 159 *Ga.* 78 (124 S. E. 899).  By parity of reasoning the vendee in a security deed can not before foreclosure by injunction prevent the vendor or his lessees from working the timber on the land thereby conveyed, for turpentine purposes, unless such act impairs the value of the vendee's security, especially where the timber, previously to the execution of the security deed, had been worked for turpentine purposes.

4.  The vendee in a security deed will not be precluded from seeking an in-

Appeal and Error, 4 C. J. p. 803, n. 87; p. 804, n. 88; p. 900, n. 98.
Customs and Usages, 17 C. J. p. 471, n. 70; p. 492, n. 84; p. 493, n. 85.
Injunctions, 32 C. J. p. 29, n. 13.
Logs and Logging, 38 C. J. p. 146, n. 50.
Mortgages, 41 C. J. p. 484, n. 67; p. 623, n. 74; p. 624, n. 77.
Property, 32 Cyc. p. 664, n. 25.
Vendor and Purchaser, 39 Cyc. p. 1626, n. 61; p. 1677, n. 39.

junction to restrain the lessees of the vendor under a lease of the timber for turpentine privileges, junior to the security deed, by reason of the fact that the vendor had made improvements upon the land with money received from such lessees for the turpentine privileges. In such circumstances the improvements were not made by the lessees, or with their money.

5. Custom may some times be invoked as entering into a contract, or supplying incidents, but not to change the law. Civil Code (1910), §§ 1 (4), 5793; *Fidelity & Deposit Co.* v. *Butler*, 130 *Ga.* 225 (60 S. E. 851, 16 L. R. A. (N. S.) 994); *Happ Co.* v. *Hunter &c. Co.*, 145. *Ga.* 836 (5) (90 S. E. 61); *Citizens &c. Bank* v. *Union Warehouse &c. Co.*, 157 *Ga.* 434 (122 S. E. 327).

6 Upon conflicting evidence on the issue whether or not the working of the timber for turpentine purposes, on the land embraced in the security deed, by the lessees of the vendor in such deed, under a lease subsequent to the execution of such deed, impaired the value of the security, we can not say that the trial judge abused his discretion in granting an injunction.                    *Judgment affirmed. All the Justices concur.*

No. 6124.  DECEMBER 15, 1927.

Injunction.  Before Judge Graham.  Telfair superior court. June 20, 1924.

*W. S. Mann,* for plaintiffs in error.

*T. J. Smith* and *Ellis, Webb & Ellis,* contra.