SHIRLING *v.* HESTER *et al.*
FORT BROTHERS INC. *et al. v.* SHIRLING.

Nos. 15643, 15646. November 13, 1946. Rehearing denied December 2, 9, 1946.

*R. S. Wimberly,* for Shirling. *G. Y. Harrell,* for Hester *et al.*

HEAD, Justice. (After stating the foregoing facts.) ■ Timber growing upon land is a part of the realty. *Coody* v. *Gress Lumber Co.,* 82 *Ga.* 793 (10 S. E. 218); *Balkcom* v. *Empire Lumber Co.,* 91 *Ga.* 651 (2) (17 S. E. 1020, 44 Am. St. R. 58); *Pritchett* v. *Davis,* 101 *Ga.* 242 (28 S. E. 666, 65 Am. St. R. 298); *Foy* v. *Scott,* 197 *Ga.* 138 (28 S. E. 2d, 107). "A deed to land to secure a debt is an absolute conveyance until the debt is paid, and passes the title to the land and the timber growing thereon to the vendee therein." *Ponder & Co.* v. *Mutual Benefit Life Ins. Co.,* 165 *Ga.* 366 (140 S. E. 761). See also *West* v. *Bennett,* 59 *Ga.* 509; *Kirby* v. *Reese,* 69 *Ga.* 452; *Citizens Bank of Moultrie* v. *Taylor,* 155 *Ga.* 416 (117 S. E. 247); *Gilliard* v. *Johnston,* 161 *Ga.* 17 (129 S. E. 434). But were the rules different to the extent that a deed to secure debt conveyed only an equity in the land, the plaintiff here would still be bound by the two deeds outstanding at the time he acquired his "lease." "He who takes with notice of an equity takes subject to that equity." Code, § 37-115. The plaintiff's testimony, that "We could not buy the timber without the executions or mortgages [deeds to secure debt] were paid off, we were going to help him pay it so we could get a clear title to the timber,"

clearly shows that the plaintiff not only knew of the existence of the security deeds, but he testified that unless he paid them off, he could not acquire title to the timber. In this case the plaintiff had both actual and constructive notice of the prior deeds to secure debt, and his evidence disproves his claim of legal title to the timber for which he sued.

Under the Code, § 55-204, it is not necessary to aver or prove insolvency or that damages will be irreparable in applications to enjoin the cutting of timber for sawmill purposes, provided "the petitioner shall have perfect title to the land upon which the timber shall be situated, or shall have perfect title to the timber on any lands." The perfect title referred to in the above Code section was construed by this court in *Payne* v. *Nix,* 193 *Ga.* 4, 7 (17 S. E. 2d, 67), where many decisions are cited which are authority for the rulings here made. The timber contract made by Williams, and held by the plaintiff, did not purport to convey any title to the land upon which the timber was situated, and the plaintiff was never in possession of the land or timber. Whether or not Williams could part with his right of possession (remaining in him until default and foreclosure of the security deeds) for any purpose that might diminish the security of Fort Brothers under their prior deeds, is a question that need not be ruled upon here, since a deed to secure debt passes the legal title to land and the timber thereon, and Williams did not convey, and could not convey, the legal title to the timber as claimed by the plaintiff.

Apparently the plaintiff now relies upon a claim of equitable title, for after his suit was filed he filed a tender stating four alternate conditions, with a check attached, on which was written: "For tender to Fort Brothers Inc., Lumpkin, Ga., for Will Williams security deeds, on conditions shown in tender filed herewith." The check was payable to the clerk of the superior court and signed "Alexander & Bland by H. W. Bland." The filing of the alleged tender further disproved the plaintiff's allegations as to legal title, since, if he had title to the timber as he had alleged, there would be no good reason for him to take up the security deeds on the land, held by Fort Brothers. Alexander & Bland appear to be strangers to this litigation, and it does not appear by what authority they proposed to act. But it is unnecessary that we now make any ruling touching this question, or the fact that the alleged tender was not made

until after the suit was filed, or the further fact that the proposed tender was withdrawn by Bland a year and two months before the case was tried, and therefore was not continuous (see *Durham* v. *Crawford,* 196 *Ga.* 381, 389 (5), 26 S. E. 2d, 778), since this court in *Shirling* v. *Hester,* supra, held adversely to the plaintiff's contentions as to the sufficiency of the alleged tender, and that ruling became the law of this case. "A decision by the Supreme Court is controlling upon the judge of the trial court, as well as upon the Supreme Court when the case reaches that court a second time. The principle in the decision may be reviewed and overruled in another case between different parties, but as between the parties the decision stands as the law of the case, even though the ruling has been disapproved by the Supreme Court in a case decided before the second appearance of the case in that court." *Western & A. R. Co.* v. *Third Nat. Bank of Atlanta,* 125 *Ga.* 489 (54 S. E. 621). See also *Sanderlin* v. *Sanderlin,* 27 *Ga.* 334, *Norton* v. *Paragon Oil Can Co.,* 105 *Ga.* 466 (30 S. E. 437), *Allen* v. *Schweigert,* 113 *Ga.* 69 (38 S. E. 397), and *Georgia Ry. & Power Co.* v. *Decatur,* 153 *Ga.* 329 (111 S. E. 911), where this court held: "A judgment of a trial court granting or refusing an injunction, where the same depends upon a question of law, is, upon its affirmance by the Supreme Court, a final adjudication of such question."

Thus we find that the question as to the validity of the alleged tender, and for that matter as to the injunction itself, has been ruled upon adversely to the plaintiff in error and is now the law of this case, by the former decision of this court affirming the judgment of the court below in denying the injunction.

■ The plaintiff in error seemingly concedes that the former judgment on the issue as to injunction precludes a judgment favorable to him now on this issue, but he contends that he should recover on his claim for damages. He was not in possession of the land at the time when he filed his action, and under his own admissions he did not have legal title to either the land or the timber. His tender, upon which he relies for an "equitable" title, has heretofore been finally adjudicated as insufficient. See *Shirling* v. *Hester,* supra. Had the plaintiff proved his contentions as to title, he might properly insist on his claim for damages, but he has shown no such interest in the property described in his petition as will support an action for damages.

In *Whiddon* v. *Williams Lumber Co.*, 98 *Ga.* 701 (25 S. E. 770), it was held: "Under our Code, in order to recover damages for trespass upon land, the plaintiff must have possession, or else must have a good title to the land. . . In order to bring himself within the statute, a plaintiff out of possession must show himself the true owner, and this he can only do by showing a good title." See also *Moore* v. *Vickers*, 126 *Ga.* 42 (54 S. E. 814); *James* v. *Riley*, 181 *Ga.* 454 (2) (182 S. E. 604). The plaintiff failed to show either a legal or an equitable title to the timber in question, and the court properly directed a verdict for the defendants. Whether or not the verdict directed for Pearl Williams was demanded, or even authorized, by the evidence, is not properly before this court for determination, since no interested party has excepted thereto. Shirling can not attack it, as he has no title to the land or the timber thereon, and is in no wise affected thereby. It follows that the judgment of the court below must be affirmed, and the cross-bill of exceptions dismissed.

*Judgment affirmed on the main bill of exceptions. Cross-bill dismissed. All the Justices concur, except Duckworth, J., who dissents.*