1. The grantee in a deed to secure debt, containing a power of sale, is not required to give notice to the grantor of his intention to exercise the power of sale contained in the instrument, where the same provides for no notice other than by advertising in a given manner.
(a) A deed to land to secure a debt is an absolute conveyance until the debt is paid and passes the title to the land to the grantee therein.
(b) A transferee holding such a deed vesting legal title to land in the grantee and his assigns, subject to be defeated by payment of the debt, occupies the position of such grantee as against the grantor and those claiming under him.
2. A sale under a power in a security deed divests the title of the grantor and he has no legal right thereafter, on a tender of the amount of the debt secured by the deed to the grantee, who is purchaser at the sale, to demand a conveyance of the land or a cancellation of the security deed.
3. An advertisement is not defective merely on account of surplus wording as to a proposed disposition of proceeds, regardless of whether or not this is a tacking on of something that should have been left off; and the mentioning of a materialman's lien therein would not chill the sale, since any person inclined to attend and bid at the sale could ascertain from the records the true status of the property with respect to encumbrances.
4. The petition failed to state any cause for equitable relief, and should have been dismissed on general demurrer.
 No. 16455. JANUARY 12, 1949. REHEARING DENIED FEBRUARY 17, 1949.
Chester M. Schnuck, L. B. Schnuck, and T. J. O'Neil Jr. brought a petition against West Lumber Company, a corporation, seeking to have a deed under a power of sale set aside.
The petition alleged the following: Chester M. Schnuck was the owner of certain described real estate in land lot 144 of the 17th district of Fulton County, Georgia. L. B. Schnuck and T. J. O'Neil Jr. were engaged in building and improving real estate; and on September 1, 1947, Chester M. Schnuck entered into an agreement with L. B. Schnuck and T. J. O'Neil Jr. to erect a residence on the lot described as 596 West Wesley Road, N.W., Atlanta, Georgia. On or about September 19, 1947, Chester M. Schnuck borrowed from Atlanta Federal Savings Loan Association $10,000 as a construction loan, to be used for labor and material in the erection of improvements on the property. The money was to be disbursed as a building and pay-roll loan by and at the direction of the officers of Atlanta Federal Savings and Loan Association. The $10,000 was secured by a loan deed; and this sum was not paid to the borrower, but was held and paid out by said loan company as the construction work progressed. Approximately two weeks before the erection of the residence was commenced, one Adams approached T. J. O'Neil Jr. and asked him to permit West Lumber Company to furnish lumber and materials for said residence, Adams being an agent for said company. T. J. O'Neil Jr. and L. B. Schnuck went to the plant of the defendant, West Lumber Company, and met Herbert West and Ivan Jenkins, who at that time were agents and employees of West Lumber Company, and Herbert West was an officer of the company in charge of and directing some of its affairs. On said occasion L. B. Schnuck and T. J. O'Neil Jr. entered into an agreement, the consideration therefor being the right to furnish the lumber, millwork, plaster, plaster board, roofing, and substantially all material except the contracts and items as plumbing, etc., and whereby West Lumber Company would furnish substantially all of the products sold by it, as herein mentioned, for the standard prevailing price, estimated at a total of approximately $7500, and agreed to extend credit to the petitioners during the time necessary to complete said improvements and for the additional time necessary to sell the improved property when completed. L. B. Schnuck and T. J. O'Neil Jr. fully *Page 829 
complied with their agreement with West Lumber Company, commenced the erection of the residence and purchased lumber, millwork, and other building material in excess of the estimate; and West Lumber Company furnished lumber and materials, and at no time made any demand upon the petitioners that the items be then paid for. The petitioners have at all times been ready and are now ready to fully comply with the agreement and pay for the material in accordance with the contract.
The defendant, West Lumber Company, it was alleged, secretly and without giving any notice to petitioners, obtained a transfer of the deed and notes evidencing and securing the indebtedness in favor of Atlanta Federal Savings Loan Association, and the transfer being secretly obtained and procured by the defendant on or about August 9, 1948; and upon information and belief the petitioners charge that the transfer was not placed of record. It was further alleged: West Lumber Company illegally and contrary to law, undertook and did tack on to the indebtedness evidenced by the note executed by Chester M. Schnuck to Atlanta Federal Savings Loan Association an alleged indebtedness claimed by the defendant, West Lumber Company, against L. B. Schnuck and T. J. O'Neil Jr. amounting to $8828.81 plus seven percent interest from April 15, 1948. The defendant's act in tacking on to the building loan the above-stated indebtedness of $8828.81, an indebtedness due by L. B. Schnuck and T. J. O'Neil Jr. and not by Chester M. Schnuck, was illegal and a breach of the contract between the defendant and L. B. Schnuck and T. J. O'Neil Jr., and in particular a breach of the agreement extending credit for materials purchased until improvements on the property could be completed and the property as improved sold. The purchase of said note and the tacking of the bill for materials on to said indebtedness amounted to a misrepresentation on the part of the defendant corporation. The misrepresentation was of a material fact, and the acts were kept secret from the petitioners with an intention to deceive petitioners. The petitioners relied upon the agreement in said contract that credit had been extended by West Lumber Company until the improvements were completed and the property sold. Failure to extend credit as agreed will cause the petitioners to suffer the loss of said improved premises unless the petitioners *Page 830 
are protected in this suit; and they were deceived by the secret acts of the defendant as herein alleged.
After the note due Atlanta Federal Savings Loan Association had been purchased by the defendant and before any notice that it had been so purchased, the defendant inserted, unknown to the petitioners, in Fulton County Daily Report a notice and an advertisement of the property for sale. A copy of the notice was attached and made a part of the petition and paragraph 21. Said notice read as follows:
 "Notice of Sale Under Power in Loan Deed.
"State of Georgia — County of Fulton.
"By virtue of the power of sale contained in a loan deed executed and delivered by Chester M. Schnuck to Atlanta Federal Savings Loan Association, a corporation, dated September 19, 1947, recorded in Deed Book 2285, page 420-2, Fulton County Records, and transferred to West Lumber Company, a corporation, August 9, 1948, there will be sold at public outcry before the Court House door in said State and County by said West Lumber Company during the legal hours of sale on the first Tuesday in September, 1948, to the highest bidder, for cash, the following described property, to wit:
"All that tract or parcel of land lying and being in Land Lot 144 of the 17th District of Fulton County, Georgia, being Lot A, Block `A', Westover Subdivision as per plat recorded in Plat Book 13, page 150, Fulton County Records, and being more particularly described as follows:
"Beginning at the southeast corner of the intersection of Wesley Road and North Side Drive; running thence east along the south side of Wesley Road one hundred six and one-tenth (106.1) feet to the west side of Lot B said block and Subdivision; thence south three hundred fifty (350) feet; thence west one hundred six and one-tenth (106.1) feet to the east side of North Side Drive; thence north along the east side of North Side Drive three hundred fifty (350) feet to the point of beginning; being improved property and having located thereon a dwelling.
"The debt secured by said loan deed being in default, said sale will be made for the purpose of paying the same and the proceeds thereof will be applied to the payment of said indebtedness, the payment of a materialman's lien against this property in *Page 831 
favor of West Lumber Company in the amount of $8828.81, plus 7% interest from April 15, 1948, and all charges and expenses in connection with this foreclosure, and the balance, if any, to be delivered to the said Chester M. Schnuck. The above described property will be sold as the property of Chester M. Schnuck.
"West Lumber Company,
As Attorney-in-Fact for
Chester M. Schnuck.
"Herbert Johnson, Atty., 710 Rhodes-Haverty Bldg., Atlanta 2, Ga. Aug. 13, 20, 27, Sept. 3."
It was further alleged: The advertisement is a notice of the sale under the power contained in the deed from Chester M. Schnuck to Atlanta Federal Savings Loan Association, and in addition thereto for the purpose of satisfying an alleged indebtedness due West Lumber Company in the amount of $8828.81; and the power of sale contained in said deed applied only to the indebtedness secured and did not apply to an account or claim for material furnished by West Lumber Company in addition thereto. The defendant had no right to foreclose a loan deed upon the alleged transferred note and to foreclose the deed also for the purpose of paying an account for material which was not secured thereby. The property was illegally and unfairly advertised during the month of August in the Fulton County Daily Report, and on August 16, 1948, L. B. Schnuck was notified, for the first time, that West Lumber Company was transferee and holder of the note and that it intended to declare the note due. The defendant concealed its then-advertised foreclosure, and gave no notice of the alleged pending foreclosure; and on August 16, 1948, the first actual demand for payment was presented. Atlanta Federal Savings Loan Association has at no time made a demand.
By reason of the facts alleged and the concealment of material facts as described, the alleged sale at public auction under the power of sale in the security deed in favor of Atlanta Federal Savings Loan Association was and is void. The alleged sale and the alleged exercise of said power was void, as false representations were made to the petitioners as to the time credit *Page 832 
would be extended for the material purchased from the defendant; and the petitioners and others were prevented from bidding at said sale, and the sale of said property, even if otherwise valid, was chilled and for said reason illegal and void.
The petitioners are informed, and believe, that on the first Tuesday in September, 1948, the defendant presented to make a sale of the described property without legal authority for the reasons hereinabove set forth, and under concealment of the facts as herein set forth, and under a void notice attached as exhibit "A" of the petition.
The defendant endeavored to make a conveyance by deed of said property under said alleged sale and under said alleged power fraudulently and illegally for the reasons herein set forth. Such a deed, if made, is illegal and void.
L. B. Schnuck in behalf of all of the petitioners on or about Wednesday, September 8, 1948, offered to pay the principal of the loan and account with interest. The tender of payment was refused by the defendant, the defendant, acting through George West, stating: I am not interested in having the loan and account paid. I have done what I am going to do and I don't want to talk to you; and that any tender would be refused if made. It was alleged that the tender is made a continuous one of the amounts due upon the loan and account with such interest and other charges as may be found legally due; and that, unless a court of equity temporarily and permanently restrains and enjoins the defendant from transferring said property in any manner, the petitioners will suffer irreparable injury and damage.
An amendment was offered, adding three paragraphs to the petition, numbered 34, 35, and 36, which amendment alleged in paragraph 34 that, in reliance upon the contract of L. B. Schnuck and T. J. O'Neil Jr. with West Lumber Company, the petitioners were lulled into a feeling of security and were deceived by the secret acts of the defendant and in particular by a letter written by the defendant and delivered on or about August 14, 1948, advising that the indebtedness was declared due. This was done at the time when an advertisement had already been inserted in the Fulton County Daily Report. In paragraph 35 it was alleged that the petitioners reposed a special trust and confidence in the defendant by virtue of their contract solicited by and with *Page 833 
the defendant. In paragraph 36 it was charged upon information and belief that said property was sold by the defendant in an alleged foreclosure, in which it was the purchaser, or controlled the purchaser, for an alleged consideration grossly inadequate and grossly under the true market value of said property, which petitioners alleged to be in excess of $32,500.
An amendment to paragraphs 34 and 36 of the petition as amended alleged that the notice from West Lumber Company was in fact no notice at all, the same referring to a note due First Federal Savings Loan Association, which note was not owed by the petitioners or any of them, and said notice was therefor illegal, false, and made for the purpose of deceiving or misleading them; and that West Lumber Company purchased said property at the alleged sale for $12,000, which sum was grossly inadequate and grossly unfair, for each and every reason set forth in the petition as amended.
The petition prayed: (1) that the defendant be temporarily restrained and permanently enjoined from transferring said property or changing the present status of said property in any way; (2) that the sale of said property under the alleged power contained in the loan deed to Atlanta Federal Savings Loan Association be decreed null and void for the reason set forth in the petition; (3) that the advertisement of the property described in the petition for sale under power be decreed null and void; (4) that the sale under said advertisement be decreed null and void on the ground that said sale was conducted under an advertisement attaching, without legal authority, the account due West Lumber Company to the note secured by the deed and power; (5) that the sale be decreed null and void as chilled for the reasons set forth in the petition; (6) that any deed made to an alleged purchaser under such alleged sale be set aside as void; (7) that rule nisi issue requiring the defendant to show cause why an interlocutory injunction should not be granted; and (8) that process issue requiring the defendant to appear in the Superior Court of Fulton County as provided by law then and there to answer this your petitioners' complaint.
The defendant demurred to the petition upon the following grounds: (1) Neither said petition nor its various paragraphs set forth a cause of action against the defendant; (2) said petition *Page 834 
is without equity; (3) the allegations show that the petitioners are not entitled to the relief prayed for.
The trial judge entered the following order: "The foregoing case coming on regularly to be heard, after hearing and the introduction of evidence by plaintiff and defendant, it is ordered and adjudged that an interlocutory or temporary injunction be and the same is hereby granted as prayed, preventing the defendant from changing the present status of the property described in the plaintiffs' petition until this case may be heard and determined by a jury. Further, the oral motion to dismiss the plaintiffs' petition as amended is hereby overruled. The general demurrer of the defendant to plaintiffs' petition, as amended is hereby overruled. The defendants' special demurrers are not passed on and ruling thereon is reserved."
The defendant excepted and assigned error thereon as being contrary to law, and says that the court erred in overruling said general demurrer.
1. The plaintiffs (defendants in error in this court) argued in their brief and insisted that the defendant failed to give notice of its intention to sell the real estate under and by virtue of the authority in the deed to secure loan.
In Kent v. Hibernia Savings c. Association, 190 Ga. 764
(10 S.E.2d 750), this court held: "The grantee in a deed to secure debt, containing a power of sale, is not required to give notice to the grantor of his intention to exercise the power of sale contained in the instrument, where the same provides for no notice other than by advertising in a given manner. King v.Walker, 141 Ga. 63, 64 (80 S.E. 312); Garrett v.Crawford, 128 Ga. 519, 523 (57 S.E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167); Ellis v. Ellis, 161 Ga. 360 (1-a), 362 (130 S.E. 681)." Also see Heist v. Dunlap Co., 193 Ga. 462
(18 S.E.2d 837).
Since it is not alleged that the deed to secure debt referred to in the petition provided for any notice of intention to sell under the power therein granted, other than by advertising in the Fulton County Daily Report, the petition, construed most strongly against the pleader, must be treated as not alleging *Page 835 
that any further notice was required, and, accordingly, the contentions that the sale was void because of the failure of the defendant to give any other notice is without merit.
A deed to land to secure a debt is an absolute conveyance until the debt is paid and passes the title to the land to the grantee therein. Shirling v. Hester, 201 Ga. 706
(40 S.E.2d 743); Ponder Co. v. Mutual Benefit Life Ins. Co.,165 Ga. 366 (140 S.E. 761). See also West v. Bennett, 59 Ga. 509;Kirby v. Reese, 69 Ga. 452; Citizens Bank ofMoultrie v. Taylor, 155 Ga. 416 (117 S.E. 247); Gilliard
v. Johnston Miller, 161 Ga. 17 (129 S.E. 434).
A deed to land executed to secure a debt will vest legal title to the land in the grantee and his assigns, subject to be defeated by payment of the debt. A transferee of the grantee named in the security deed occupies the position of such grantee as against the grantor and those claiming under him. Gilliard
v. Johnston Miller, 161 Ga. 17 (129 S.E. 434); Redwine
v. Frizzell, 184 Ga. 230 (190 S.E. 789).
2. In their petition the plaintiffs contend that a tender has been made to take care of the full amount of the indebtedness due under and by virtue of the note secured by the security deed and the full amount due on account for materials furnished, and that the defendant has refused to accept this tender. The record indicates that the tender was made on the day following the sale of the property under and by virtue of the authority contained in the security deed. "A sale under power in a security deed divests the title of the grantor and he has no legal right . . thereafter, on tender of the amount of the debt secured by the deed to the grantee, who is purchaser at the sale, to demand a conveyance of the land or a cancellation of the security deed."Carrington v. Citizens Bank of Waynesboro, 144 Ga. 52, 53
(3) (85 S.E. 1027).
3. The advertisement is not defective simply because it stated that the proceeds of the sale, after satisfying the debt secured by the deed, would be applied to the payment of a materialman's lien against the property, regardless of whether or not this is a tacking on of something that should have been left off; and this surplus wording would not chill the sale, since any person inclined to attend and bid at the sale could ascertain *Page 836 
from the records the true status of the property with respect to any encumbrances. Universal Chain Theatrical Enterprises v.Oldknow, 176 Ga. 492 (168 S.E. 239).
4. Briefly stated, the petition in this case attacks the sale involved, and seeks to have it and any deed made by virtue thereof declared null and void, because the plaintiffs had no notice that the defendant had acquired or had transferred to it the note and loan deed to secure the same, originally executed to Atlanta Federal Savings and Loan Association; had no notice that the defendant transferee thereof intended to exercise the power of sale contained in the deed prior to the advertisement for that purpose; and because in the advertisement of the sale it was stated that, in addition to paying the debt secured by the loan deed, the proceeds arising from the sale would be applied to the payment of a materialman's lien against the property in favor of West Lumber Company in a stated amount.
Neither the deed nor the note secured thereby appear in the record. However, it is not alleged that the rights arising under either were not transferable, or required any notice to the maker or grantor of a transfer thereof. It is not denied that the debt secured by the deed was in default. Neither is it alleged that the deed required the giving of any notice by the holder thereof to the grantor of its intention to exercise the power of sale contained therein, other than by a proper advertisement. It is not shown how or for what reason the purchase of the note by the defendant, and the transfer of the loan deed to it, even without notice to the plaintiffs, would constitute any "misrepresentation" to them, or that the defendant concealed any fact with reference thereto which it was under obligation to disclose to them. The mere fact that the defendant may have been moved to purchase the note and loan deed by a desire to collect its own debt for materials furnished would not render the act fraudulent. That it may not have the right to retain any part of the proceeds of the sale, properly advertised and held under the power of sale in the loan deed, over and above the amount necessary to pay off and discharge the debt thereby secured, together with the necessary expense incident thereto (AmericusFinance Co. v. Wilson, 189 Ga. 635, 636 (1),7 S.E.2d 259), would not render the sale void and subject to *Page 837 
be set aside, but the plaintiff grantor in the deed would have the right to proceed against the defendant for any excess amount arising from the sale and improperly applied or withheld.
The allegations of the petition as to alleged fraud and misrepresentation of the defendant in connection with the alleged contract between the defendant and the plaintiff contractors with reference to furnishing materials and extending credit therefor, and the alleged breach thereof by the defendant, would furnish no ground for setting aside the sale under the power contained in the loan deed.
The petition failed to state any cause of action for the equitable relief sought, and should have been dismissed on general demurrer.
Judgment reversed. All the Justices concur.