No. 24.—WILLIS WOOD and others, plaintiffs in error, *vs.* L. N. McGUIRE and others, defendants in error.

[1.] Possession of real estate, (in the absence of documentary title, or actual enclosure,) must consist either of residence, by the claimant or his agent; or cultivation of a portion, accompanied by positive, definite and notorious acts of ownership over the balance. A residence in the vicinity, and a notorious claim to it, are insufficient.

[2.] A party is bound by the admissions of those under whom he claims title, made while the title was in them.

[3.] Testimony by a witness, that "he understood that A had sold the land to B", is hearsay, and inadmissible.

[4.] A devise to "A's children, their heirs and assigns forever", vests the title in those, *in esse*, at the death of testator.

Ejectment, in Bibb Superior Court.  Tried at December Term, 1853, before Judge Powers.

The plaintiffs below, L. M. McGuire and others, claimed, as the children of Milly McGuire, under the will of Thomas Rainey, by which he devised the land in dispute, to " Milly McGuire's children, their heirs and assigns forever".  Four of the plaintiffs were born since the death of testator.

It appeared in evidence, that McGuire, the father, went into possession for a short time, and partially cleared a small portion.  His admissions, that he held for his children, were allowed by the Court, and excepted to by the defendants.

It was also proved, by Abner Roby, that " Gray bought of Calhoun, as witness understood".  To this, also, defendants excepted.

It was also in evidence, that the land was known in the neighborhood, as the property of Milly McGuire's children.

The plaintiffs relied on a Statutory title.  The defendants introduced a grant from the State, to Jno. S. Roberts, and a deed from Roberts to Samuel Farmer.

The Court charged the Jury, that " possession of a lot of land, is made manifest by such facts as usually exist, in cases of recognized and admitted possession.  As, for example, A openly and notoriously claims a lot of land, (without making any improvements on it,) yet his possession and right to the land, is recognized by all the vicinage and openly affirmed by himself.  Any one in the neighborhood desiring to purchase the land itself—to cut timber on it—to rent it, or use it in any way, whatever, recognizing him alone, as the proper person to apply to.  These are facts from which the Jury may determine the fact of possession itself".

This charge was excepted to.  The verdict was for all the plaintiffs.  A motion was made for a new trial on these grounds, and also, because of newly discovered evidence; and its refusal is also excepted to.

STUBBS & HILL, for plaintiffs in error.

LANIER & ANDERSON, and POE, for defendants in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] In this case, the question was raised, in relation to real estate, as to what constitutes possession, other than that which is implied from documentary title, or consists of inclosure.

We hold, that such possession must be constituted, either by residence on the land in person, or by servants, or agents, accompanied with the exercise of ownership; or by cultivation of a portion of the land, accompanied by acts of ownership over the balance; or it must consist of acts of ownership, "positive, definite and notorious", such as a continued user of the land, by going upon it and felling trees, cutting timber from it, and other such acts as serve to show the character and extent of the claim. A residence in the vicinity of the land, merely, and a claim to it—though such claim be generally recognized, and spoken of in the neighborhood, and affirmed by all the vicinage—unaccompanied by any of the acts and indicia of ownership above mentioned, is insufficient to constitute possession.

[2.] A party, deriving title from another, mediately or immediately, is bound by admissions made against that title, by the latter, while the title is in him. In this point of view, it is insisted, that the admissions of Lewis McGuire, to the effect, that he held this land, not in his own right, but for his children, was proper testimony for the plaintiffs; and the defendants should be concluded by it, inasmuch as they derive title through Calhoun and Gray, from McGuire. The record does not support this position. We have not been able to find the evidence there, that the defendants are, by title, in any way connected with McGuire. If the fact be so, it has been omitted. But by the record, we must decide the point; and that shows the admissions of McGuire's sayings, as to his title to have been erroneous.

[3.] It was also error in the Court, to admit what the witness, Abner Roby said, as to his having "understood that he (McGuire) had sold it (the land) to Calhoun". This, of course, was hearsay testimony.

[4.] This bequest of Thomas Rainey, through which the plaintiff derives title to the land, was "to Milly McGuire's children, their heirs and assigns, forever". The effect of such a bequest, is to vest the property conveyed, in such of the children contemplated, as may be *in esse* at the death of the testator. *James vs. Richardson,* (1 *Vent.* 334. 2 *Vent.* 311.)— *Burchet vs. Dundant. Swinton vs. Legure,* (2 *McCord Ch. R.* 440.) *Jenkins vs. Freyer,* (4 *Paige,* 47.) *Simms vs. Garrett,* (1 *Dev. & Batt.* 393.)

But from this record, it appears that four of the plaintiffs were not in life, at the testator's death. They were, consesequently, not entitled to recover. The defendants, therefore, should have had a new trial, on this ground. As the case goes back on other points, it is unnecessary to notice the grounds of motion for new trial, on account of newly discovered testimony.