## Marion *vs.* Hoyt *et al.*, for use.

While one is the owner of land, what he says and does in respect to fixing the boundary thereof may be proved, and his agreements in respect thereto will bind subsequent purchasers from him; but after an owner of land has parted with his title, his subsequent sayings and acts cannot be proved to bind his prior grantee or one holding under him.

February 2, 1884.

Title. Evidence. Admissions. Before Judge HAMMOND. Fulton Superior Court. April Term, 1883.

Reported in the decision.

SPEAIRS & SIMMONS; J. C. HENDRIX, for plaintiff in error.

J. L. CONLEY; JACKSON & KING, for defendants.

BLANDFORD, Justice.

This was an action to recover a certain tract of land in the city of Atlanta.

It was admitted that Lemuel Dean was the original owner of the land sued for. Plaintiffs introduced a deed from Lemuel Dean to Hammond Marshall, dated May 2, 1863; also a sheriff's deed to S. B. Hoyt and John R. Wallace, reciting that the land had been sold under execution against Marshall, dated 3d of May, 1870, and closed.

Defendant introduced a deed from Lemuel Dean to Thomas M. Dean, dated March 17th, 1863, proved that Thomas M. died shortly thereafter, leaving an infant son, Thomas W. Dean, his only heir-at-law, surviving him; also a deed from Thomas W. Dean to S. Marion, the defendant, dated January, 1880.

The plaintiffs introduced one Bass, who testified that he was city engineer; that he made a survey of this land in 1869; that Lemuel Dean was present at the time, and that he agreed that the southeastern boundary of the land was 299 feet from Simpson street, as marked out in the plat made by him; to this testimony defendant objected. The same was admitted by the court, over the objection of the defendant. The court charged the jury, among other things, that where the boundary lines of land were doubtful, that the jury might look to and consider what the owners of the land at the time said and admitted as to the true boundaries in determining the same.

The jury found for the plaintiffs all the land sued for.

Defendant moved for a new trial, alleging as error the rulings of the court in admitting the testimony of Bass. also the charge of the court thereon, as above set forth, The court refused to grant the new trial, and this is complained of, and error assigned thereon, and the same is now here for review.

We are of the opinion that the testimony of Bass, as to the conduct and sayings of Lemuel Dean at the time the

survey was made in 1869, was inadmissible, and that the court erred in admitting the same, over the objections of the plaintiff in error, as it had been made to appear that Lemuel Dean, at that time had, by proper deeds of conveyance made long before, parted with all title or interest in this land. What he did or said was mere hearsay, under the facts in evidence. If he had at that time been the owner of the land, what he said or did would have been proper evidence, and would have bound subsequent purchasers from him, but the defendant below, now the plaintiff in error, claimed under a deed of conveyance made by Lemuel Dean in 1863, six years prior to the survey made by Bass, and before the alleged admissions of Lemuel Dean. Clearly, these admissions by Dean, under the circumstances, could not bind Marion, and if they cannot have this effect, then they are mere hearsay and inadmissible; hence the charge of the court founded thereon is likewise error. So the new trial should have been granted, as prayed for by the plaintiff in error.

Judgment reversed.