## TOWNER *vs.* THOMPSON *et al.*

1. A writing reciting the purchase of a "mill-seat" is ambiguous, and parol evidence is admissible to show whether land covered by the water of the mill-pond was included or excluded.

2. Where the writings leave boundary uncertain, evidence that one of the coterminous owners, under whom one of the parties claims, said whilst he was owner that a certain creek was the line between the two tracts, is admissible for the adverse party.

3. Generally, if in a response to a request to charge upon comments of counsel not warranted by the evidence, the court instruct the jury that they should try the case by the evidence and not by what counsel said in their speeches, it is sufficient. But in strict propriety, no court should tolerate counsel in stating any fact in argument as to which there is no evidence, unless it be some fact which can be noticed judicially without proof.

4. The evidence was not such as to constrain a finding for the defendant below, and whilst the plaintiff's right to recover was doubtful, the jury resolved the doubt in his favor, and the verdict, being approved by the presiding judge, must stand.

April 29, 1889.

Evidence. Boundaries. Charge of court. Practice. Verdict. New· trial. Before Judge LUMPKIN. Glascock superior court. August term, 1888.

This case was before this court at the March term, 1888. There had been a second verdict for the defendant, and a motion for a new trial by the plaintiffs, which motion was granted; and this decision was affirmed by this court. 81 *Ga.* 171. Upon the last trial, there was a verdict for the plaintiffs. The same documentary evidence was introduced upon the last trial as upon the former ones. The oral testimony was substantially the same, except that upon the last trial no evidence was introduced by defendant as to admissions made to him by Richard Powell as to the land in dispute. The following should also be noted as to the last trial: It seems that in 1880, Towner endeavored to eject Thompson by a warrant for forcible entry and detainer, and obtained

a verdict.   In his testimony as to this matter, Thompson said that Towner worked a "yankee trick" on him; they would not let his deeds come in; he did not appeal the case; it was tried before a Southern jury and justice.   Thompson admitted that he then got Kitchens and Griffin to go with him to Towner and adjust the matter, but denied that he told Griffin that he was present at the Jackson survey and saw Powell point out the high-water mark line as the true one, or that he told either Griffin or Kitchens that he knew the land to be Towner's and would have no more to do with the case. He further testified that he signed the writing dated March 6th, 1880, to keep possession until his crops were gathered; he intended still to claim the land, and waited so long to bring this suit to make the money to fight the case with.   Towner, Griffin and Kitchens testified, all contradicting Thompson and affirming that he did admit, when he went with Kitchens and Griffin to Towner to adjust the matter, that he knew the land in dispute belonged to Towner; and Griffin testified that he said he was present when Jackson surveyed it in 1856, and Powell pointed out the high-water mark line as the true line.

At the time of the last trial, Yarborough was dead, and testimony delivered by him at the former trial was introduced.   The motion for new trial sets out material portions of it.   It does not appear from the evidence at what time the admission by Robertson, testified to by Powell as set out in the third ground of the motion, was made, save that it was while he owned the land.

The defendant moved for a new trial on the following grounds:

(1) Verdict contrary to law and evidence.

(2) Error in admitting the testimony of John Yarborough.   (The ground of objection to the testimony

is not stated. It does not appear in what way it was shown what Yarborough had testified to, though it is inferable that it was read from the approved brief of the evidence previously made, as no witness was introduced who testified to what Yarborough had sworn on the previous trial.)

(3) Error in admitting the following testimony of John Yarborough: "We got permission from Mr. Powell to back the water on his land, but did not buy the land from him. We were to give him a spout of water to run a turning-lathe, in consideration of his permitting us to back the water on his land. Richard Powell was in possession of this land in 1838, and continued in the peaceable and quiet possession of it to 1862, when he sold it to plaintiff. I have heard Robertson, who owned at the time the Robertson mill-tract, say that Joes creek was the line between the Powell land and the Robertson mill-tract." The grounds of objection to this testimony were, 1st, that the agreement between Yarborough, Robertson and Powell was in writing, which was the best evidence of its terms ; 2d, that this evidence contradicted the writing and varied its terms ; and 3d, as to the last sentence of the testimony, that it did not appear whether the declaration testified about was made before or after the bond of March 8th, 1838, and if afterwards, it was inadmissible, Powell having parted with his title.

(4) Thompson in his testimony having alluded to the yankee trick played on him by the defendant, counsel for the defendant drew the attention of the jury to the groundlessness of the charge by calling attention to the evidence that the forcible entry and detainer case had been tried "here in this court-house by a Southern jury and justice." Whereupon counsel for plaintiffs, in his concluding argument, charged that the defendant

was born in Illinois, and therefore Thompson was justified in saying that the defendant had played a yankee trick. There was no evidence as to where defendant was born. Defendant's counsel at the time requested the court to instruct the jury that plaintiff's counsel had no right to comment on the fact that defendant was born in Illinois, and that such comment was improper. This the court did not do, but instead thereof told the jury generally not to regard anything not proved, remarking that under our practice considerable latitude was allowed in the argument of cases, and telling the jury they should try the case by the evidence and not by what lawyers said in their speeches. Defendant claims that the statement of plaintiff's counsel tended to influence and prejudice the jury against him and was exceedingly improper, and the court should have so stated and thus effaced, so far as possible, by its public and instant rebuke, such injurious effect.

The motion was overruled, and defendant excepted.

T. E. Watson and H. T. Lewis, by Harrison & Peeples, for plaintiff in error.

James Whitehead, *contra.*

Bleckley, Chief Justice.

This is the second appearance here of the case of *Towner vs. Thompson*, in which a second motion for a new trial was granted by the court below, and the judgment was affirmed here at March term, 1888. 81 *Ga.* 171. At the third trial, Thompson, the plaintiff below, recovered, and a motion for a new trial made by Towner having been denied, the present writ of error was brought by him.

1. The writing in evidence reciting the purchase of

a "mill-seat" was ambiguous, and that being so, Yarborough's testimony to the effect that the land in dispute was not embraced in that purchase, although it was covered by water of the mill-pond, was admissible.

2. So also was his evidence showing that Robertson, while owner of one of the tracts, admitted that the creek was the line. We take this evidence to mean that the admission was made before Robertson parted with his title, although the date of the same is not fixed.

3. During the concluding argument, counsel for Thompson stated a fact not in evidence, to wit, that Towner was born in Illinois. This statement was improper, and the request made by opposing counsel to charge directly to that effect, should have been granted; but the charge given, to wit, that the jury should try the case by the evidence, and not by what counsel said in their speeches, was sufficient. No court, however, should tolerate counsel in stating any fact in argument as to which there is no evidence, unless it be some fact which can be noticed judicially without proof; certainly that Mr. Towner was born in Illinois is not one of this class of facts. There should have been no allusion made to it in argument.

4. Under the evidence as it comes up in the record, the right of the plaintiff below to recover was very doubtful; but the evidence did not constrain a finding for the defendant; and the jury having resolved the doubt, and the verdict being approved by the presiding judge, we do not feel called upon to set it aside. Had the finding been the other way, we would probably have had as strong doubts of its correctness as we have with regard to the finding which actually took place. It is best that the litigation between these parties about a small piece of land be here and now terminated forever.

Judgment affirmed.