McLeod *et al.* v. Swain.

Declarations of a deceased person in disparagement of his title to
land, made while in possession thereof, are admissible in evi-
dence, not only against the declarant and those claiming under
him, but also for or against strangers.

April 20, 1891.

Ejectment.  Evidence.  Title.  Before Judge Hines.
Emanuel superior court.  October term, 1890.

Reported in the decision.

Williams & Brannen, Saffold & Warren, T. H. Pot-
ter and T. B. Felder, Jr., for plaintiffs in error.

Twiggs & Verdery and H. R. Daniel, *contra.*

Lumpkin, Justice.

Mrs. Swain brought an action of ejectment against
McLeod *et al.* for the recovery of a tract of land in
Emanuel county.  The evidence was conflicting, and
sufficient to sustain a verdict for either side.  The jury
found for the plaintiff.  After Mrs. Swain had proved
by her own testimony that a certain Mrs. Wiggins,
who at one time was in possession of the land and re-
mained in possession for many years until her death,
was her tenant, the court, over defendants' objection,
admitted proof of declarations made by Mrs. Wiggins,
while in possession of the land, to the effect that she

held it as the tenant of plaintiff, and that it was the land of plaintiff. The only question of law presented in this case for our determination is, whether or not this testimony was properly admitted.

Section 3776 of the code declares that "The declarations and entries of a person, since deceased, against his interest, and not made with a view to pending litigation, are admissible in evidence in any case." It was contended in the argument that such declarations should be received only against the declarant and those in privity with or claiming under him, but this view does not seem to be sustained. by the authorities. It was held in the case of Peaceable *v.* Watson, 4 Taunt. 15, that "The declarations of a deceased occupier of land of whom he held the land, are evidence of the seisin of that person"; and in Davies *v.* Pierce *et al.*, 2 Term Rep. 53, that "Declarations by tenants are admissible evidence after their death to show that a certain piece of land is parcel of the estate which they occupied." In both these cases, the declarations admitted were made by persons not in privity with any of the parties to the record, nor did any of such parties in any way claim title through or under the declarants. Again : "Statements of a deceased occupier touching his title are admissible in evidence generally, without reference to the particular effect they may produce in the cause." Carne *v.* Nicoll, 27 C. L. Rep. 446. See, also, Barry *v.* Bebbington, 4 Term Rep. 514.

We find the following in 1 Taylor on Evidence, §684 : " Under the head of declarations against *proprietary interest*, may be classed the statements made by persons while in possession of land, explanatory of the character of their possession ; and it is now well settled that such declarations, *if made in disparagement of the declarant's title*, are receivable, not only as original admissions against himself and all persons who claim

title through him, but also as evidence for or against strangers. Whether in this latter event they are admissible in the lifetime of the declarant, or only in cases where his death can be proved, is a point which does not appear to have been distinctly decided. In most of the cases where the evidence has been received, the declarant was dead; but on two occasions, at least, the evidence was admitted though the declarant was living." Wharton also lays down the rule that such evidence is admissible, not only against privies, but strangers. "The reason for this conclusion is, that possession implies, *prima facie*, an absolute interest, and any statement which would tend to limit it to a less interest is self-dissevering." 2 Whart. Ev. §1156. The same principle is stated in 1 Greenl'f on Ev. §109, and the same reason for the admissibility of such declarations is there given.

These authorities abundantly sustain the correctness of the ruling made by the court below, and its judgment is therefore                              *Affirmed.*