WADE *v.* JOHNSON *et al.*

1. Where the plaintiff in ejectment claimed by a prescriptive title, and the defendant claimed through a sheriff's sale, evidence that at the time the color of title in the plaintiff's lessor originated such lessor admitted that the premises now in dispute belonged to the defendant in *fi. fa.*, and said that he, the plaintiff's lessor, wanted to buy the other half of the tract, was admissible; there being other evidence showing that he in fact purchased only half

of the tract but took a conveyance covering the whole of it, and also that he afterwards disclaimed ownership of the premises in dispute and declared that only the other half of the tract belonged to him.

2. Possession of land under a color of title, however long continued, will not ripen into a prescriptive title, nor serve for tacking to make out the full term of prescription, if instead of being attended with a claim of right such right be expressly disclaimed pending the possession.

3. Can a trustee for his present wife and all the children of his first wife recover in ejectment by virtue of a conveyance made to him in 1886, without showing that the children were minors when the trust was created, and that they had not arrived at majority when the action was brought, *quære?* And as to the interest of the wife, was not the trust executed when the deed was made, there being nothing appointed for the trustee to do in her behalf, *quære?*

August 20, 1894.

Ejectment. Before Judge SWEAT. Pierce superior court. October term, 1893.

S. W. HITCH and L. A. WILSON, for plaintiff in error.
W. G. BRANTLEY, *contra.*

SIMMONS, Justice.

Charles S. Youmans, as trustee for his wife and children, brought an action of ejectment against Wade for the recovery of the north half of lot number 2 in the 4th district of Pierce county, containing 245 acres. He commenced his chain of title with a deed from the heirs of James Carter to J. B. Strickland, executed on the 9th of February, 1867, conveying the whole of lot number 2. He also introduced a deed from S. R. Jenkins, trustee, and Mary Strickland, *cestui que trust*, to Lemuel Johnson, conveying the whole of lot number 2, containing 490 acres, dated September 28, 1872; also, a deed executed August 25, 1886, from Lemuel Johnson to Charles S. Youmans, which recited that Lemuel Johnson, in consideration of $1,200, granted, bargained, sold and conveyed to Charles S. Youmans, to be held in trust for his wife Mary E. Youmans and all the children of

said Charles S. Youmans by his first wife, their heirs and assigns, the north half of lot number two in the 4th district of Pierce county, containing 245 acres, " to hold the same to the use, benefit and behoof of the said Charles S. Youmans in trust for his wife, Mary E. Youmans, her heirs and all the children of the said Charles S. by his first wife, their heirs, executors, administrators and assigns." There was proof of possession by Johnson under the deed from Jenkins, trustee, and Mary Strickland, up to the time he sold to Youmans, trustee. The defendant introduced an execution against Charles S. Youmans and a sale thereunder by the sheriff of the north half of lot number 2, June 8th, 1887, and and a deed from the sheriff to Wade for the north half of the lot, and proof of possession under this deed. As the plaintiff showed no regular chain of title from the State to him, the right of recovery depended on his color of title and seven years adverse possession thereunder by himself and his vendor, Lemuel Johnson, under a claim of right. If he could show that Johnson had held continuous and adverse possession of the north half of lot number 2 for seven years prior to the sheriff's sale, under a claim of right, he would have been entitled to recover. To meet this theory of the plaintiff, the defendant offered to show by Jenkins, who made the deed to Lemuel Johnson, that at the time he sold to Johnson, the latter said that Youmans owned half of the lot, and that he wanted to buy the other half from Mrs. Strickland. This evidence the court, on objection of the plaintiff, ruled out, and the defendant assigns error on this ruling. We think the evidence was admissible. It would have negatived to some extent the theory of the plaintiff, and would have indicated that although Johnson obtained a deed from Jenkins covering the whole lot, he knew at the time that Youmans owned the north half, and that Jenkins, as trustee, could only

sell the other half and had no right to sell the north half. If this was true, although he went into possession of the whole lot and remained in possession for seven years or more, he did not and could not have a claim of right to the north half. The evidence, if admitted, would also have corroborated other parts of the evidence wherein it was shown that Johnson in fact purchased only half of the lot but took a conveyance to the whole, and that he afterwards disclaimed ownership of the north half and declared that only the other half of the lot belonged to him.

2. If the above recited facts are true, the possession of Johnson, however long continued, could not ripen into a prescriptive title. Knowing that Jenkins had no right to sell the north half and having disclaimed title to that half after he obtained a deed from Jenkins, his possession cannot be counted by tacking it to the possession of others in order to make out the seven years. Under the facts stated, he could not have a *bona fide* claim of right to the north half.

3. The deed being from Johnson to Youmans in trust for his present wife and all his children by his first wife, can Youmans recover the trust estate without showing that the children were minors when the trust was created, and that they had not arrived at majority when the action was brought? So far as the wife was concerned, was not the trust executed when the deed was made, there being nothing appointed for the trustee to do in her behalf? If some of the children are still minors, of course the trustee would represent them; but can he represent those who have attained majority, and his wife, as to whom the trust seems to have been executed, or will they have to be made parties plaintiff to the action? On these questions we express no opinion, but leave them to be determined on the next trial.

*Judgment reversed.*