## HALL v. COLLIER et al.

1. The plaintiffs relied for recovery upon showing title in a named person to the property sought to be partitioned. The defendant admitting that title had been in the person named, but asserting the divestiture of that title, the establishment of this assertion as a fact was essential to her defense; and the charge of the court to the jury, imposing upon her the burden of establishing the fact so asserted, was not error.

2. It was not error, on the ground that there were no pleadings to authorize the submission to the jury of such an issue, to charge them as follows: "If you find for the plaintiffs one half interest in the property in controversy, then you should find for the plaintiffs one half of any rents and profits which you may believe the evidence shows the defendant has received from the land."

3. Declarations of a deceased person in disparagement of his title to land, made while in possession thereof, are admissible in evidence, not only against the declarant and those claiming under him, but also for or against strangers.

4. Exceptions to portions of the charge on the ground that they were argumentative, or that there was no evidence to authorize the instructions contained in them, are without merit when examined in the light of the evidence contained in the record.

5. There was no error in charging the jury that "A party can not make improvements on land pending litigation over the same, and get credit for the amounts expended in such improvements pending litigation."

6. There was no abuse of discretion on the part of the trial judge in overruling the ground of the motion based upon newly discovered evidence.

MAY 17, 1917.

Partition. Before Judge Cox. Worth superior court. August 14, 1916.

The petition of B. L. Collier and Miss Belle Collier shows as follows: Petitioners are the nephew and niece of E. C. Lippitt, who died, leaving as his only heirs his brother, T. M. Lippitt, and petitioners. T. M. Lippitt administered on his estate. T. M. Lippitt was adjudged insane and was sent to a lunatic asylum in the year 1897, from which he shortly afterwards escaped and has never since been heard from, and is regarded as dead. The widow of T. M. Lippitt (now Mrs. Mary D. Hall) and certain named minor children of T. M. Lippitt have been in possession and have enjoyed the rents and profits of the estate of E. C. Lippitt, consisting of certain described lands in Worth county. By reason of the foregoing facts the petitioners are entitled to one half interest in the estate of E. C. Lippitt, the other half belonging to Mrs. Hall and the children of T. M. Lippitt. The prayer is, for a partition of

the lands; for judgment against Mrs. Hall and her children, in a stated sum, as petitioners' interest in the mesne profits; and that this judgment be a first lien on the half interest in the estate of E. C. Lippitt, to be allotted to the defendants in the partition.

A verdict was rendered in favor of the plaintiffs against the defendants, for one half the land and half the mesne profits. Mrs. Hall made a motion for a new trial, which was overruled, and she excepted.

*J. J. Forehand* and *Potlle & Hofmayer,* for plaintiff in error.

*Pope & Bennet,* contra.

BECK, J. (After stating the foregoing facts.)

1. Complaint is made in the motion for a new trial that the court erred in charging the jury as follows: "It being understood that E. C. Lippitt once had title to the land in controversy, and that plaintiffs as his heirs would be entitled to one half of any property that he owned at his death, I charge you that the burden is on the defendant to show that title passed out of E. C. Lippitt during his lifetime; and if the defendant fails to show that by a preponderance of the evidence, you should find for the plaintiffs a one-half interest in the land in controversy." This charge is not erroneous, as contended, on the ground that it erroneously put the burden of proof on Mrs. Hall, who is referred to as the defendant. The general burden of proving the case as laid was, of course, on the petitioners for the partition; but when they showed that title had once been in E. C. Lippitt, from whom all parties derived title, they established the fact which would authorize a partition of the lands as sought, unless the title of E. C. Lippitt had been divested during his life. The defendant asserted that there had been such a divestiture of title; and as to this particular affirmation the burden was upon her to establish it by evidence. "The burden of proof generally lies upon the party asserting or affirming a fact, and to the existence of whose case or defense the proof of such fact is essential," etc. Civil Code, § 5746.

2. In addition to the formal application for partition, after showing the time during which the defendant had been in possession of the property and the annual rental value of it, and the proceeds of the sale of certain timber and turpentine from it, the petitioners alleged that they were entitled to one half of the income from the lands in controversy, and prayed that they have judgment

for their half, etc. In view of these allegations, it was not error, on the ground that there were no pleadings to authorize the submission to the jury of such an issue, to charge the jury as follows: "If you find for the plaintiffs one half interest in the property in controversy, then you should find for the plaintiffs one half of any rents and profits which you may believe the evidence shows the defendant has received from the land." The proceedings in an application for partition of lands, under the provisions of section 5358 of the Code of 1910, are in the nature of a proceeding in equity; and the court has all the power and jurisdiction for hearing and determining the various matters in dispute between the parties in respect to their title, and the question of mesne profits, as it would have in a case where an equitable petition is brought for the recovery of land and mesne profits. Park's Code, § 5358, and citations thereunder.

3. T. M. Lippitt, the brother of E. C. Lippitt and the former husband of Mrs. Hall, the defendant, was for some years in possession of the lands in question. Mrs. Hall insists that his possession was as her agent, and that his possession was her possession. During the time of his possession T. M. Lippitt made statements to different parties, under varying circumstances, as to the character of his possession; his sayings tending to show that the land was the property of the estate of E. C. Lippitt, and that he (T. M. Lippitt) did not claim to be in possession in his own right. During that time he returned the land for taxation in the name of himself as administrator of the estate of E. C. Lippitt. All this evidence was objected to on the ground that it was irrelevant, and that the sayings and statements of T. M. Lippitt were not admissible against the defendant. The court properly admitted this evidence. "Declarations of a person in possession of property, in disparagement of his own title, are admissible in evidence in favor of any one, and against privies." Civil Code, § 5767. From the statement of facts in the case of *McLeod* v. *Swain*, 87 *Ga.* 156 (13 S. E. 315, 27 Am. St. R. 229), it appears that Mrs. Swain brought ejectment against McLeod and others for the recovery of a tract of land. In the trial of the case, after Mrs. Swain had proved by her own testimony that a certain Mrs. Wiggins, who at one time was in possession of the land and remained in possession for many years until her death, was her tenant, the court, over defendants'

objection, admitted proof of declarations made by Mrs. Wiggins while in possession of the land, to the effect that she held it as the tenant of the plaintiff, and that it was the land of the plaintiff. The court held that this testimony as to declarations made by Mrs. Wiggins while in possession of the land was properly admitted, stating their ruling in the language contained in the third head-note above.

4-6. Headnotes 4 to 6 inclusive require no elaboration.

*Judgment affirmed. All the Justices concur.*