McCREA *v.* GEORGIA POWER COMPANY *et al.*

2

No. 9814.   MAY 28, 1934.

*Charles W. Walker* and *Ryals, Anderson & Anderson,* for plaintiff.

*Colquitt, Parker, Troutman & Arkwright, Orrin Roberts,* and *M. F. Adams,* for defendants.

HAWKINS, Judge. While the foregoing statement of the facts is somewhat lengthy, the brief of the evidence consists of one hundred and seventy-seven typewritten pages, and we have set out such portions of the testimony as were deemed necessary to a clear understanding of the case and of the rulings hereinafter made.

The second and third special grounds of the motion complain of the admission of certain testimony of the defendant Winchester, with reference to previous statements alleged to have been made to him by the witness D. L. Wooten, sworn in behalf of the plaintiff, contradictory of the testimony given by him upon the

trial with reference to the existence of a dividing line between the plaintiff's property and the mill property, and with reference to his knowledge as to the ownership of the mill property. In admitting this testimony the judge expressly instructed the jury that it was admitted solely for their consideration in passing upon the credit they would give to the testimony of the witness Wooten, and that anything he might have said would not be binding upon the plaintiff. The admission of this testimony under these instructions was not error requiring the grant of a new trial.

■ The fourth ground assigns error on the refusal of the trial court to permit the plaintiff to prove by her husband a conversation alleged to have taken place between him and James B. Floyd, a predecessor in title of the defendant to the land in controversy, wherein it is contended that Floyd sought to purchase from the plaintiff, through her husband, the property now in controversy. While the declarations of a deceased person in disparagement of his title to land, made while in possession thereof, are admissible in evidence, not only against the person making the declaration and those claiming under him, but also for or against strangers (Civil Code (1910), § 5767; *Hall* v. *Collier,* 146 *Ga.* 815 (3), 92 S. E. 536; *Wade* v. *Johnson,* 94 *Ga.* 348, 21 S. E. 569), it must appear, in order to make such declarations admissible, that they were made by the declarant while in possession of the land, or while holding title thereto; for declarations of privies in estate, after the title has passed out of them, can not be received. Civil Code (1910), § 5780; *James* v. *Kerby,* 29 *Ga.* 684; *Byrd* v. *Aspinwall,* 108 *Ga.* 1 (33 S. E. 688). It appears that James B. Floyd died prior to the time of the trial; and while it further appears that he was a predecessor in title of the defendant, it does not appear from this ground of the motion that the alleged conversation or transaction was had with Floyd by the witness at a time when Floyd either held title to the property or was in possession thereof. For this reason this ground fails to show any reversible error.

■ The fifth ground assigns error on the following excerpts from the charge of the court: "Now, as the defendants deny that the plaintiff is the owner of this land, why then the burden of proof would be upon the plaintiff in this case to establish to your satisfaction by a preponderance of the testimony in the case that she is the owner. If she has not established that fact, that she is the

owner of the land, why then that would be the end of your investigation; and if you reach the conclusion that she is not the owner of the land, and even if you are in doubt as to who the real owner of that land is, the court charges you that the plaintiff would not be entitled to recover in this case under the principles of law that I will hereafter give you, which I will set out fully in my further instructions." And again, in a later portion of the charge, the court instructed the jury as follows: "Then it is for you to say whether the plaintiff in this case has established the fact to your satisfaction by a preponderance of the testimony that she is the owner of this 16 acres, more or less, in controversy. If she has established that fact by a preponderance of the testimony, then you should return a verdict in favor of the plaintiff; if she has not established that fact by a preponderance of the testimony, then you should return a verdict in favor of the defendants in this case."

These portions of the charge are assigned as error (a) because the court denied to the plaintiff a substantial right which the law gave her to make out a prima facie case for the relief sought, by proving actual possession by the plaintiff of the land upon which the trespass is alleged to have been committed at the time of the alleged trespass; and (b) because in the excerpt from the charge first quoted the court charged the jury that even if they were in doubt as to who was the real owner of the land in dispute, the plaintiff would not be entitled to recover, thereby placing upon the plaintiff a greater burden than the law placed upon her; the true rule being that the plaintiff should sustain her claim by a preponderance of the evidence only, and not by evidence which left no doubt in the mind of the jury. The error first assigned upon this charge is, we think, without merit. The plaintiff did not base her right of recovery upon possession alone, but upon her claim of title to the land in controversy, and the charge as given was properly adjusted to the pleadings and the evidence. It is true that the Civil Code (1910), § 4472, provides that "The bare possession of land authorizes the possessor to recover damages from any person who wrongfully, in any manner, interferes with such possession." While the plaintiff in this case claimed to be in possession of the property, she claimed no right to such possession other than as owner of the title thereto. The defendant denied that she was the owner of the property, and set up title thereto in itself. Whether or not the de-

fendant and its agents were trespassers or wrong-doers depended upon who had the better or superior title to the property. Counsel for plaintiff state in their brief that the issue on trial was: "Who had the better title to the land on which the trespass was alleged to have been committed, the plaintiff or the defendant?· The case was tried before the jury on that issue." This being true, the principle announced in the code section above quoted was not applicable; and this ruling disposes of the eleventh, twelfth, and thirteenth grounds of the motion, which complain of the refusal of the court to give in charge to the jury requested instructions embodying this same principle of law. As to the other criticism in this ground of the motion, while there may be a slight inaccuracy in this charge, a new trial is granted upon other grounds, and it is not necessary to pass upon this assignment of error, since the error complained of will not likely occur on another trial.

The eighth ground assigns error on the charge of the court, as follows: "And because, immediately after it had charged the jury as follows: 'And the law expressly says that permissive possession can not be the foundation of a prescriptive title until notice is brought home to the owner of the land that the person intends to claim it antagonistic to the claims of the other party,' the court undertook to illustrate the meaning of the rule of law so given in charge to the jury, by instructing them further, as follows: 'To illustrate that: if Mr. Jones owns a tract of land adjoining Mr. Smith, and if Mr. Smith, knowing that Mr. Jones is the owner of the adjoining tract of land, if he takes possession of it, or if he takes possession of a part of the entire tract, and he knows at the time it is Mr. Jones' land, why it matters not how long he remains in possession of it, he does not acquire any title to it, because under those circumstances his possession would originate in fraud.'" Movant insists that this charge was error, for the reason, among others, that therein the court attempted to illustrate the doctrine of permissive possession by an example of the acquisition of possession by fraud, which was calculated to confuse the jury as to the true meaning of both of said principles of law, and to lead them to believe that there was no legal difference between them; and that they might, in their consideration of said case, treat them as identical, when in fact they were entirely separate and distinct rules of law and dependent upon entirely separate and distinct facts and

circumstances. We are of the opinion that the exception to this charge is well taken, and that the judge erred in thus confusing and commingling the two principles of law with reference to permissive and fraudulent possession. The illustration used by the court, while appropriate in so far as fraudulent possession is concerned, was not applicable to permissive possession, and the charge as thus given was confusing and misleading.

■ Complaint is made in the fourteenth ground because the court refused a request to instruct the jury in the language following: "To constitute actual possession by inclosure, the land must be completely inclosed; but it is not necessary that it should be completely inclosed, on every side, by artificial means, such as fences. Natural barriers, in part, may be utilized, provided, in connection with fences, they constitute a complete inclosure, which indicates complete and notorious dominion over the land. An inclosure of land, in part by fences, and in part by the high banks of a creek, and in part by a rocky shoal, if all together make a complete inclosure, may constitute actual possession of said land." We think the court erred in failing to give to the jury, either literally or in substance, the principle of law embodied in this request to charge, which was timely presented by counsel for the plaintiff. In 2 C. J. 63, § 16, the rule is stated as follows: It is not required, however, that the lot should be inclosed on every side by an artificial inclosure; a natural barrier in part may be utilized, provided it be of such a character as, in connection with the fence, will constitute substantial inclosure of the land, and provided it is sufficient to indicate dominion over the premises and to give notoriety to the claim of possession." In *Conyers* v. *Kenan,* 4 *Ga.* 308, 314 (48 Am. D. 226), it was held: "If one goes into possession under written title, it is conceded that he holds adversely to the extent of his boundary. But suppose he designates metes and bounds by notorious marks, as chops, blazes, setting up stones, and such like, and uses the land within them for all necessary purposes, as his own, by cutting timber for building, sawing, etc., is there any good reason for restricting his possession to the mere ground that his house occupies, or to the fence which incloses it? Such, at any rate, is not the ordinary sense and understanding of men as to possession. Whenever the extent of the occupant's possession can be clearly ascertained in any way, it would

seem that he should be entitled to the protection of the statute within these limits." The ruling thus made was followed and approved in *Beverly* v. *Burke,* 9 *Ga.* 440, 448 (54 Am. D. 351), and again in *Royall* v. *Lisle,* 15 *Ga.* 545 (3) (60 Am. D. 712). It will thus be seen that the request to charge embodied a correct principle of law, was peculiarly applicable to the facts of the instant case, and was not covered by the general charge. Under these circumstances the trial court erred in refusing to instruct the jury in the language of the request. *Rowe* v. *Cole,* 176 *Ga.* 592 (168 S. E. 882); *Wooten* v. *Morris,* 175 *Ga.* 290 (165 S. E. 626); *Slade* v. *Paschal,* 67 *Ga.* 541, 545.

■ In the eighteenth ground the movant assigns error on the refusal of the court to give in charge to the jury the following, as requested: "It is not necessary that the written evidence of title just mentioned should be a deed or other instrument which is legally sufficient to pass a good title to the land described therein. In order for such deed or other writing to serve as a basis for a good prescriptive title, it is necessary that it should be a good color of title only. Color of title is anything in writing purporting to convey title to land, which defines the extent of the claim, it being immaterial how defective or imperfect the writing may be, so that it is a sign, semblance, or color of title; and if you are satisfied from the evidence that the plaintiff, Mrs. Clyde McCrea, was in the open, notorious, uninterrupted, and peaceable possession of the land in dispute for seven years before the filing of the suit in this case, under such color of title, that her claim did not originate in fraud, and that she held such possession in her own right, in good faith, against all other persons, then she would be entitled to prevail in this case." This request to charge contains a correct definition of color of title (*Veal* v. *Robinson,* 70 *Ga.* 809; *Burdell* v. *Blain,* 66 *Ga.* 169; *Street* v. *Collier,* 118 *Ga.* 470, 45 S. E. 294; *Beverly* v. *Burke,* 9 *Ga.* 440, 54 Am. D. 351); but the court did not err in failing to give the requested charge to the jury, for the reason that, after defining color of title, the request erroneously stated the rule with reference to the character of possession which would have been required on the part of the plaintiff under such color of title, in that it omitted three of the essential elements of adverse possession as defined by the Civil Code (1910), § 4164, viz.: that such possession must be "public," "continuous," and

"exclusive." The requested instructions being incorrect in this respect, the court did not err in failing to give it in charge to the jury. *Atlantic Coast Line R. Co.* v. *Sweat*, 177 *Ga.* 698 (7) (171 S. E. 123).

■ In ground twenty exception is taken to a refusal of the judge to charge the jury in substance that an entry or entries upon land merely for the purpose of making a survey would not amount to either open, notorious, or continuous possession; and in ground twenty-one exception is taken to a refusal to charge, on request, that a mere entry on land, although at frequent intervals, by an agent of one claiming the land under paper title, for the purpose of showing it to prospective investors, would not be such adverse possession as the law requires to make a good title by prescription. While the facts referred to in each of these requests to charge would not, alone and of themselves, be sufficient to show such adverse possession as to be the foundation of a good title by prescription (*Dillon* v. *Mattox*, 21 *Ga.* 113 (2), 117; *Scott* v. *Cain*, 90 *Ga.* 34, 15 S. E. 816), they were admissible in evidence to be considered by the jury along with all of the other evidence in the case, in determining that question. Each of these requests sought instructions by the court as to the probative value and effect of separate and independent facts, considered alone and by themselves, in determining the question of possession sought to be proved by the defendant. The court properly refused these requests, for the reason that it is improper to single out particular facts which bear upon the issue to be tried, and seek to belittle or destroy their weight and value, when such facts, if taken along with the other evidence in the case, might tend to establish the contention of the party offering such evidence. *Flowers* v. *Flowers*, 92 *Ga.* 688 (3), 691 (18 S. E. 1006); *Georgia Railway & Power Co.* v. *Head*, 155 *Ga.* 337 (3) (116 S. E. 620).

■ Error is assigned in the motion for a new trial upon the decree rendered by the court, it being there insisted that the decree is not supported by the verdict. Such a question is not ground of a motion for a new trial. *Floyd* v. *Boss*, 174 *Ga.* 544 (6) (163 S. E. 606); *Bolton* v. *Kelly*, 169 *Ga.* 309 (5) (150 S. E. 203); *DeLoach* v. *Sikes*, 166 *Ga.* 39 (5) (142 S. E. 150).

■ The other grounds of the motion not specifically dealt with are of such character as do not require special mention, and do not

show error; and since the case is remanded for another trial, no ruling is made upon the sufficiency of the evidence.

*Judgment reversed. Beck, P. J., Gilbert and Bell, JJ., and Hutcheson and Worrill, JJ., concur.*