## JAMES *v.* RILEY.

BELL, Justice. 1. As a general rule, no property can be sold under a tax execution in personam as the property of the defendant therein, when the defendant has neither title nor possession nor any right to represent the person who has it; and a sale under these circumstances would be void as to the true owner. *Haden* v. *Atlanta,* 177 *Ga.* 869 (171 S. E. 703). The evidence did not demand a finding in favor of the defendant by reason of the tax sale under which he claimed.

2. To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass. *Whiddon* v. *Williams Lumber Co.,* 98 *Ga.* 700 (2) (25 S. E. 770); *Downing* v. *Anderson,* 126 *Ga.* 373 (55 S. E. 184); *Fender* v. *Gardner,* 153 *Ga.* 460 (112 S. E. 368); *Palmer* v. *Pennington,* 179 *Ga.* 76 (175 S. E. 380); *Morris* v. *Gibson,* 35 *Ga. App.* 689 (2) (134 S. E. 796); *Hefner* v. *Fulton Bag & Cotton Mills,* 39 *Ga. App.* 728 (148 S. E. 355).

3. Such an action predicated upon ownership does not necessarily require a perfect paper title, but may be based on prescriptive title. Adverse possession of lands, under written evidence of title, for seven years, shall give a title by prescription. Code of 1933, § 85-407.

4. In the present case, the evidence would have authorized a finding that the plaintiff had title by prescription, and also that he had sustained damage in some amount by the acts of the defendant in the cutting and removal of timber. The court therefore erred in directing a general verdict in favor of the defendant; and this is true regardless of whether the evidence would have authorized an injunction.

*Judgment reversed. All the Justices concur.*

ATKINSON, GILBERT, and HUTCHESON, JJ., concurring specially. The judgment is properly reversed, but it should not be inferred from what is ruled that it is essential for a recovery that the plaintiff show prescriptive title to the land. Proof of possession under color, which was shown, was sufficient. *Palmer* v. *Pennington*, 179 *Ga.* 76 (supra) ; and see dissenting opinion in *Downing* v. *Anderson*, 126 *Ga.* 373, 376 (supra).

No. 10970. NOVEMBER 15, 1935.

*Linton S. James* and *Clifford M. James*, for plaintiff.
*Astor Merritt*, for defendant.