EVERETT *v.* MILLER.

No. 11476. NOVEMBER 12, 1936.

*John E. Drake* and *A. B. Conger,* for plaintiff.

*P. D. Rich* and *M. E. O'Neal,* for defendant.

ATKINSON, Justice. The Code, § 110-104, declares: "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict, the court may direct the jury to find for the party entitled thereto." The evidence in this case was conflicting on material facts. Under this section and numerous decisions, the court was not authorized to direct a verdict. The defendant relies

most strongly on the facts that the copy of the instrument purporting to set forth the alleged agreement upon which this suit is predicated, as it appears in the brief of evidence, bears the date January 29, 1920, that Dallian Miller, who is alleged to have signed the instrument, died in 1903, that Q. A. Phillips, one of the alleged attesting witnesses, died in 1917 or 1918, and that the other alleged attesting witnesses were also dead on January 29, 1920, which facts, the defendant contends, conclusively show that Dallian Miller and the alleged witnesses did not sign the instrument, and that it was a forgery. This argument disregards the possibility, if not the probability, that there was a typographical error in the date January 29, 1920, as it appears in the brief of evidence, in that "1920" should be "1902" which would make the date on the copy of the instrument contained in the brief of evidence the same as that contained in the copy appearing in the record as an exhibit attached to the plaintiff's petition. In view of the fact that the evidence tending to support the allegations of the petition, especially as to whether the instrument in controversy was genuine or a forgery, was conflicting, the judgment directing the verdict in favor of the defendant must be

*Reversed. All the Justices concur.*