30030.   KIMBROUGH v. RUTHERFORD.

DECIDED DECEMBER 4, 1943.

*Park & Park,* for plaintiff.  *Joseph G. Faust,* for defendant.

MacINTYRE, J.  The petition of J. H. Kimbrough alleged substantially that the defendant had cut certain trees purchased by the plaintiff from the heirs of J. A. Callahan, located on a tract of land described in the petition; that the trees were sawed into 15,000 feet of lumber; that the value of the trees was $150; and that he was asking for damages in that amount. The defendant answered that he had bought a tract of land adjoining that described in the plaintiff's petition; that he had cut the trees only

on the land whose boundary lines were pointed out to him by the person from whom he bought it; that the plaintiff, without authority, cut trees valued at $300 from the timber belonging to the defendant, and converted them into 30,000 feet of lumber; that he should be allowed a set-off against the plaintiff's claim, and asked that he be awarded a judgment over and against the plaintiff. After hearing conflicting evidence, the jury found a verdict in favor of the defendant for $32. The brief of evidence is involved and unsatisfactory; but a careful study of it satisfies us that the jury were warranted in finding that the defendant cut the plaintiff's trees and that the plaintiff cut the defendant's trees, and that the number and value of the trees were shown. Therefore we hold that the verdict for $32 in favor of the defendant was supported by the evidence.

In the first special ground of the motion for new trial the plaintiff contends that the court committed error in refusing to rule out the following testimony of E. W. Moon, a witness for the defendant: "I had a conversation with Mr. Mac Callahan about seven or eight years ago, and I bought some timber from him at that time. He was the man that owned the place. He told me not to cross the road leading from the old Salem Road to the river. He said that that on the south was Mr. Tom Callahan's. I do not remember whether or not Mr. Tom Callahan was there." The objection was (1) that it was hearsay evidence and not admissible, and (2) did not show the presence of Mr. Tom Callahan, the adjoining owner and the predecessor in title to the heirs of J. A. Callahan, through whom the plaintiff claimed title to the timber. We interpret the brief of evidence (which is very confusing) as showing that the predecessor in title of the plaintiff, who, at the time the statement was made, was in possession of the land on which were located the trees now claimed by the plaintiff (the successor in title to the man making the statement). So construing the evidence, the statement objected to would be in disparagement of the predecessor's title, if the predecessor had been now claiming the line contended for by the plaintiff, his successor in title. The Code, § 38-308, reads: "Declarations by a person in possession of property, in disparagement of his own title, shall be admissible in evidence in favor of anyone and against privies. Declarations in favor of his own title shall be admissible to prove his adverse pos-

session." In *Hall* v. *Collier,* 146 *Ga.* 815 (3) (92 S. E. 536), this statement of the law appears: "Declarations of a deceased person in disparagement of his title to land, made while in possession thereof, are admissible in evidence, not only against the declarant and those claiming under him, but also for or against strangers." The evidence shows that at the time of making the admission referred to, the party making it was in possession of the land, and our view is that the testimony objected to was admissible under the authorities cited.

The second special ground complains of this charge to the jury: "Now, I have admitted in evidence a certain plat which you will have out before you, and that plat is not binding on the defendant in this case, but if you find the plat to be correct . . then you should consider it along with the other evidence in this case." The assignments of error are: (a) Said charge was erroneous and injurious to the plaintiff in error, because "it was the duty of the jury to consider all relevant evidence introduced in the case, and the said plat was relevant evidence for movant and ought to have been considered by the jury in connection with the relevant evidence in the case." (b) Said charge was confusing to the jury. (c) Said charge was misleading to the jury. (d) Said charge "tended to impress the jury that said plat should not be considered by them in weighing the evidence in favor of movant in reaching a verdict in the case." Mr. Turner, who made the plat, testified that none of the coterminous landowners were present when he made the survey, and that "I made this plat according to what someone told me; some of the old land lines are not distinct, and I figured out when I got home." The fact that the witness testified that "An old negro was with me," leads strongly to the view that only he and the old negro were present at the time the surveyor undertook to locate the lines. We are satisfied that the charge is not subject to any of the assignments of error made.

In special ground three it is alleged that the following charge was erroneous: "I charge you that where each of two coterminous proprietors recognizes the ownership of the other, and that the tract of each is bounded by that of the other, the ascertainment of the true line between them fixes the extent of their respective tracts, and that becomes a regular land line and the parties are bound by that agreement, and if anyone comes in possession of that prop-

erty, on either side of that property, and knows of that agreement, or by the exercise of ordinary care and diligence could have ascertained the true line, or could have known about the agreement by the exercise of ordinary care and diligence, is bound by it." The plaintiff in error contends that the above charge was not adjusted to the issues and the evidence in the case. Viewing the excerpt complained of in the light of all the evidence, we are satisfied that it furnishes no cause for 'a reversal of the judgment.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*