BRUCE et al. v. STRICKLAND.

DUCKWORTH, Justice. 1. To maintain an action for trespass, where the petitioner is not in actual possession, he must show legal title in himself. *Ault* v. *Meager*, 112 *Ga.* 148 (37 S. E. 185); *Downing* v. *Anderson*, 126 *Ga.* 373 (55 S. E. 184); *Alaculsy Lumber Co.* v. *Gudger*, 134 *Ga.* 603 (2) (68 S. E. 427); *James* v. *Riley*, 181 *Ga.* 454 (2) (182 S. E. 604).

2. While a deed to land is not void for uncertainty of description if it furnishes a key by which the land can be definitely located with the aid of extrinsic evidence (*Prudential Insurance Co.* v. *Hill*, 170 *Ga.* 600 (2), 153 S. E. 516; *Holt* v. *Tate*, 193 *Ga.* 256 (4), 18 S. E. 2d, 12; *Deaton* v. *Swanson*, 196 *Ga.* 833 (1), 28 S. E. 2d, 126), yet, in the absence of a key, if the description is too indefinite to identify the land, the deed is insufficient to convey title. *Laurens County Board of Edu-*

*cation* v. *Stanley,* 187 *Ga.* 389 (200 S. E. 294); *Holloway* v. *Key,* 188 *Ga.* 423, 426 (4 S. E. 2d, 167); *Gould* v. *Gould,* 194 *Ga.* 132, 135 (21 S. E. 2d, 64).

3. The description in the deed upon which the petitioners relied in seeking to enjoin the defendant from trespassing, being "All that tract or parcel of land lying and being in 3rd district and second section of said county, 2 acres of land, of lot No. 1101 (eleven hundred one), on the east side of Orange and Roswell Road, near the center of said lot," was wholly without a key by which to locate with extrinsic evidence the land intended to be conveyed, and obviously too indefinite to identify the land, and under the above-cited authorities the court did not err in sustaining the defendant's ground of demurrer challenging the pleaded description in the deed as insufficient to convey title.

4. Where the petitioners claimed title under a reversionary clause in the above-described deed, the further allegations of the petition that, immediately upon the execution and delivery of the deed, the grantees and the grantor entered upon the property and laid off the two acres of land conveyed by the deed and placed markers to identify the property—the new description being quoted in the petition—were subject to the defendant's ground of demurrer that the description of the property as set out in the deed could not be aided by such allegations seeking to add a verbal agreement as to the description of the property. *Huntress* v. *Portwood,* 116 *Ga.* 351, 355 (42 S. E. 513); *Oglesby* v. *Volunteer State Life Ins. Co.,* 195 *Ga.* 65, 67 (23 S. E. 2d, 404).

5. The description in the deed relied upon being too vague and indefinite to convey title, and the facts alleged as an aid to the description not being admissible, and no actual possession being alleged, but the sole basis of the petitioners' title and right to maintain the action being the described deed and the alleged subsequent agreement as to the proper description, the court did not err in dismissing the action after sustaining the above-stated grounds of the defendants' demurrer.

*Judgment affirmed. All the Justices concur.*

No. 15625. NOVEMBER 13, 1946.

*Wood & Tallant,* for plaintiffs. *Howell Brooke,* for defendant.