19129.  TOLNAS *v.* POPE.

Argued October 10, 1955—Decided November 14, 1955—
Rehearing denied November 29, 1955.

*Preston Almond,* for plaintiff in error.

*Rupert A. Brown,* contra.

CANDLER, Justice. This suit for injunctive relief was brought by O. J. Tolnas against Paul Pope. It involves a lot of land 50 feet wide and 100 feet long. The plaintiff contends that it is a part of a three-acre tract which he purchased at a sheriff's sale in 1949 for $100, when it was sold to satisfy a magistrate's execution against Jack Spraulding for the principal sum of $80. The defendant contends that it is not a part of the tract which the plaintiff purchased in 1949, but that it is a lot adjacent to the plaintiff's land which he and his predecessors in title have owned since 1898. The trial lasted two days and resulted in a verdict for the defendant. In addition to the usual general grounds, the plaintiff's motion for a new trial contains 24 special grounds, complaining of particular portions of the charge as given, omissions to charge, the allowance of oral and documentary evidence over objections thereto, and a ground alleging that a new trial should be granted because of newly discovered evidence, which last ground the court declined to approve. The amended motion for new trial was denied and the plaintiff excepted.

The record shows: The parties claim title to their respective tracts from a common grantor. The land claimed by the plaintiff was conveyed to him by a deed which describes it as "All that tract or parcel of land situate, lying and being in Athens, Clarke County, Georgia, in that part of said city known as East Athens, containing three acres, more or less, fronting on Elberton Street, and adjoining lands of Julia Ann Ross, Matilda Osborne, and other property of Jack Spraulding, and east by Georgia Railroad, being lot No. 1 according to plat of the railroad property of W. A. Carr estate." The lot claimed by the defendant was conveyed to him on January 3, 1952, by Earnest and Mamie Bryant for a consideration of $150, and by a warranty deed which describes it as being "All that tract or parcel of land in Clarke County, Georgia, on the Athens-Winterville road, bounded on the north by property of Henry Moore, east by the lands of Jack Spraulding, on the south and west by property formerly owned by Ida Osborne, now owned by Percy Jones, this being all of the second tract described in a deed from C. T. Moon by Admr. to M. Stern dated March 31, 1924, recorded in deed book 40, page 369, in

the office of the Clerk of the Superior Court of Clarke County, Georgia." No evidence was introduced which shows that the plaintiff has or ever had actual possession of the land claimed by the defendant; but there is evidence showing that the defendant and those under whom he claims have at different times had actual possession of it. Percy Jones, a predecessor in title of the defendant, enclosed a portion of it with a fence and used it for a hog lot. The defendant was erecting a building on it when this litigation was instituted. W. N. Danner, as a witness for the plaintiff, testified that he was a surveyor; that during the spring of 1955 he surveyed and made a plat of the land claimed by the plaintiff; that the defendant Pope did not participate in the survey and was not present when it was made; that the plaintiff pointed out the lines for him to run; and that he made his survey and located the lines according to information given him by the plaintiff and a "blue print of a tracing," which the plaintiff furnished him. The plaintiff put Danner's plat in evidence. It shows the land which he surveyed to be triangular in shape. The north line of the triangle is 556 feet long and the Athens-Winterville road is north of and adjacent to it. Its west line is 460 feet long, runs south 39½ degrees east, and the Osborne land is west of and adjacent to it. Its east line is 546 feet long, runs north 30 degrees east, and lands formerly owned by Daniel Ross and Fannie Spraulding are east of and adjacent to it. The east and west lines of the triangle intersect at a point 50 feet north of the center line of the Georgia Railroad Company's right-of-way. The plaintiff's boundary lines as fixed by Sheriff Huff's deed to him and by Danner's survey and plat are substantially different; and this is also true as to Sheriff Huff's deed to the plaintiff and a deed from J. H. Dorsey to Jack Spraulding which the plaintiff placed in evidence and relied upon as a link in his chain of title. Dorsey's deed to Jack Spraulding conveys: "All that tract or parcel of land lying and being in the City of Athens said State and county and described as follows: Beginning at a corner on the Elberton Road and Matilda Osborne's estate and running in a southerly direction to Georgia Railroad, thence west along said railroad to a corner on Daniel Ross' estate, thence in a northwesterly direction along the line of Daniel Ross' estate and Fannie Spraulding's land to a point on the Elberton Road, thence in

an easterly direction along said Elberton Road to the beginning corner. Said lot of land containing three acres, more or less and bounded on the north by Elberton Road, on the east by lands of Matilda Osborne's estate, on the south by the Ga. R. R. and on the west by lands of Fannie Spraulding and Daniel Ross' estate." On the trial, two witnesses for the defendant testified that Jack Spraulding, while owner of the land which J. H. Dorsey conveyed to him, stated to them that the property here involved was not his land, but that of a named person from whom the defendant claims, and their testimony was not disputed by anyone.

As shown by our statement of the case, the plaintiff prayed for an injunction to prevent the defendant from committing a continuing trespass on certain lands. To maintain such an action, it was necessary for the plaintiff to show title in himself or actual possession of that portion of the tract upon which the alleged wrong was being committed. *Ault* v. *Meager*, 112 *Ga.* 148 (1) (37 S. E. 185); *James* v. *Riley*, 181 *Ga.* 454 (2) (182 S. E. 604); *Bruce* v. *Strickland*, 201 *Ga.* 526 (1) (40 S. E. 2d 386), and citations. In this case, as we have previously pointed out, the evidence does not show that the plaintiff has or ever had actual possession of the land upon which the alleged wrong was being committed. As proof of his paper title to the land in question, the plaintiff introduced his chain of title, but the descriptive averments of its several links do not affirmatively show that the land in question is in fact a part of his tract. To the contrary, two persons who testified on the trial swore positively that Jack Spraulding, a predecessor in title of the plaintiff, who was dead at the time of the trial, but while owner of the plaintiff's tract stated to them that the small acreage here involved was not a part of his tract, but was the property of another named person —one from whom the plaintiff acquired no title; and it is a well-settled rule of law that Jack Spraulding's disclaimer of title to the land here involved is binding upon his successors in title. Code §§ 38-309, 38-407; *Carter* v. *Buchannon*, 3 *Ga.* 513 (4); *Wood* v. *McGuire*, 15 *Ga.* 202; *Marion* v. *Hoyt*, 72 *Ga.* 117; *Towner* v. *Thompson*, 82 *Ga.* 740 (2) (9 S. E. 672); *McLeod* v. *Swain*, 87 *Ga.* 156 (13 S. E. 315, 27 Am. St. R. 229); *Wade* v. *Johnson*, 94 *Ga.* 348 (21 S. E. 569); *Hall* v. *Collier*, 146 *Ga.* 815 (92 S. E. 536); *McCrea* v. *Ga. Power Co.*, 179 *Ga.* 1, 11 (2) (174

54

S. E. 798). In *Wood* v. *McGuire*, supra, it was said: "A party, deriving title from another, mediately or immediately, is bound by admissions made against that title, by the latter, while the title is in him." It therefore appears from the record that the plaintiff neither had actual possession of nor title to the premises allegedly trespassed upon; and this being true, he was not entitled to the injunction prayed for. There is no merit in those special grounds of the motion for new trial which complain of the admission of certain oral and documentary testimony; and, since a verdict for the defendant was demanded by the evidence, none of the remaining special grounds of the motion requires a reversal of the judgment complained of, even if they show error. See *Key* v. *Stringer*, 204 *Ga.* 869 (3) (52 S. E. 2d 305).

*Judgment affirmed. All the Justices concur.*