20033. COFFIN *v.* BARBAREE *et al.*

SUBMITTED APRIL 14, 1958—DECIDED MAY 7, 1958.

*W. W. McKinnon, J. Frank Myers*, for plaintiff in error.
*Carlton S. Brown*, contra.

Head, Justice. "It is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. Code § 110-104; *Shaw* v. *Probasco,* 139 *Ga.* 481 (77 S. E. 577); *Hughes* v. *Cobb,* 195 *Ga.* 213, 230 (23 S. E. 2d 701); *Yablon* v. *Metropolitan Life Ins. Co.,* 200 *Ga.* 693, 703 (38 S. E. 2d 534). And a verdict should not be directed unless there is no issue of fact, or unless the proved facts, viewed from every possible legal point of view, can sustain no other finding than that directed. *Davis* [v.] *Kirkland,* 1 *Ga. App.* 5 (58 S. E. 209); *Ayer* v. *First National Bank & Trust Co.,* 182 *Ga.* 765 (187 S. E. 27); *Renitz* v. *Williamson,* 149 *Ga.* 241 (4) (99 S. E. 869); *Atwood* v. *Edenfield,* 150 *Ga.* 198 (103 S. E. 170); *Word* v. *Bowen,* 181 *Ga.* 736 (3) (184 S. E. 303); *Everett* v. *Miller,* 183 *Ga.* 343 (188 S. E. 342); *Patterson* v. *Fountain,* 183 *Ga.* 676 (189 S. E. 4); *Hughes*

v. *Cobb*, supra." *Norris* v. *Coffee*, 206 *Ga.* 759 (4) (58 S. E. 2d 812). See also *Shockey* v. *Baker*, 212 *Ga.* 106, 108 (90 S. E. 2d 654).

"To maintain an action for trespass or injury to realty, it is essential that the plaintiff show either that he was the true owner or was in possession at the time of the trespass." *James* v. *Riley*, 181 *Ga.* 454 (2) (182 S. E. 604); *Bruce* v. *Strickland*, 201 *Ga.* 526 (40 S. E. 2d 386); *Shirling* v. *Hester*, 201 *Ga.* 706 (40 S. E. 2d 743); *Tolnas* v. *Pope*, 212 *Ga.* 50 (90 S. E. 2d 420).

In the present case, the testimony offered on behalf of the defendant supports the verdict rendered. In order to return a verdict for the plaintiff, the jury would have been required to find that he was the true owner, or that he was in possession, of the five-foot strip represented by the offset in the line he sought to have established by the decree of the court. The plaintiff's chain of title described his land as "facing on Main Street 20 feet, more or less, and extending back south the same width to the right-of-way of the Seaboard Air Line Railroad." He testified that, "there is a paling or picket fence from the street back 110 feet; there is no controversy as to that line of 110 feet between me and the Barbaree property; so far as I know it has been the accepted line and is the accepted line; no one that I know of ever claimed that that was not the line; there is an offset at the end of the 110 feet; the offset goes east; the offset is supposed to be five feet wide." Under the plaintiff's deeds, the lines of his property are straight, extending back "the same width," and his paper title completely fails to show any title in him to the five-foot "offset" in his property lines as claimed by him.

With reference to possession of the five-foot strip, the plaintiff testified on cross-examination: "when I bought the property from Zim Coffin, Barbaree had a house on that land that is in argument today; Barbaree had a fence upon this land running from the southwest corner to the right of way of the railroad; Barbaree was in possession of it at that time; I have never moved there but he was in possession of it when I went in possession of the land [residence property adjoining] and I guess he has been in possession of it until this day; I never could get it moved

off." The description in the plaintiff's deed, and his testimony as to the possession by the defendant of the five-foot strip, demanded the verdict returned by the jury for the defendant.

The three amended grounds of the motion for new trial, pertaining to the exclusion of certain documentary evidence and to the admission of certain testimony, fail to show any reversible error. If the court had ruled in accordance with the plaintiff's contentions, the verdict for the defendant would none the less have been demanded under the plaintiff's deeds and his testimony as to possession by the defendant.

*Judgment affirmed. All the Justices concur.*